PEOPLE v SCONIOUS

Docket No. 98740. Decided May 22, 1995. On application by the
defendant for leave to appeal, the Supreme Court, in lieu of
granting leave, affirmed the order of the Court of Appeals.
Rehearing denied 449 Mich 1206.

Walter F. Sconious sought relief in the Barry Circuit Court from
a judgment of first-degree murder. The court, Richard M.
Shuster, J., dismissed the motion in January, 1992, and dis-
missed a motion for reconsideration in mid-February, 1992. The
Court of Appeals, Doctoroff, P.J., and Murphy and Reilly,
JJ., dismissed the defendant's delayed application for leave to
appeal in an unpublished order, finding that MCR 7.205(F)(3)
prohibits the granting of any application that is filed more than
eighteen months after entry of an order of judgment on the
merits (Docket No. 167078). The defendant seeks leave to
appeal.

In a memorandum opinion, signed by Chief Justice Brickley,
and Justices Boyle, Riley, Mallett, and Weaver, the Supreme
Court held:

MCR 7.205(F)(3) provides that if an application for leave to
appeal is filed more than eighteen months after entry of an
order or judgment on the merits, leave to appeal may not be
granted. While there are instances in which an appeal period is
calculated from the date a timely postjudgment motion is
resolved, the rule provides no basis for extending the eighteen-
month period. The circuit court's January, 1992, dismissal
order was the order on the merits of the defendant's motion for
relief from judgment.

Affirmed.

Justice Cavanagh, joined by Justice Levin, stated that, in
general, an appeal period is calculated from the date a timely
postjudgment motion is resolved. The mid-February, 1992 order
resolving the defendant's motion was a decision that began the
eighteen-month period specified in MCR 7.205(F)(3).

Walter Sconious in propria persona.

MEMORANDUM OPINION. The defendant was con-

victed of first-degree murder[1] in 1981, and was sentenced to life in prison. The Court of Appeals affirmed in 1983,[2] and this Court denied a request for review filed under former MCR 7.303.[3]

In July 1991, the defendant filed a motion for relief from judgment.[4] MCR 6.502. The circuit court dismissed the motion in January 1992,[5] and dismissed a motion for reconsideration in mid-February 1992.

The defendant filed a delayed application for leave to appeal in the Court of Appeals on August 10, 1993. The application was filed *more* than eighteen months after the January 1992 dismissal of the motion for relief from judgment, but *less* than eighteen months after the circuit court's mid-February 1992 dismissal of the motion for reconsideration.

Noting that distinction, the Court of Appeals dismissed the delayed application for leave to appeal.[6] The Court explained:

The Court orders that the application for leave

---

[1] MCL 750.316; MSA 28.548. He also pleaded guilty as an habitual (third) offender. MCL 769.11; MSA 28.1083.

[2] Unpublished opinion per curiam of the Court of Appeals, issued March 24, 1983 (Docket No. 57489).

[3] Unpublished order of the Supreme Court, entered October 27, 1983 (Docket No. 71431).

[4] In 1984 and 1987, the defendant had filed unsuccessful motions for postjudgment relief in circuit court.

[5]   If it plainly appears from the face of the materials described in subrule (B)(1) that the defendant is not entitled to relief, the court shall deny the motion without directing further proceedings. The order must include a concise statement of the reasons for the denial. The clerk shall serve a copy of the order on the defendant and the prosecutor. The court may dismiss some requests for relief or grounds for relief and direct further proceedings as to others. [MCR 6.504(B)(2).]

[6] Unpublished order of the Court of Appeals, entered September 23, 1993 (Docket No. 167078).

to appeal filed August 10, 1993, is denied, because it was not filed within 18 months of the January 21, 1992, order denying the motion for relief from judgment as required by MCR 6.509(A) and MCR 7.205(F)(3). MCR 7.205(F)(3) prohibits the granting of any application which "is filed more than 18 months after entry of the order of judgment *on the merits.*" It is the conclusion of this Court that the order "on the merits" is the January 21, 1992, order denying the motion for relief from judgment; not the February 12, 1992, order simply denying reconsideration. The court would note that defendant still had over 17 months after the February 12, 1992, order to file the application within the 18-month rule.[7]

The Court of Appeals later denied rehearing.[8]

We affirm the order of the Court of Appeals. An appeal from an order resolving a motion for relief from judgment is governed by MCR 6.509(A):

Availability of Appeal. Appeals from decisions under this subchapter are by application for leave to appeal to the Court of Appeals pursuant to MCR 7.205. The 18-month time limit provided by MCR 7.205(F)(3), runs from the decision under this subchapter. Nothing in this subchapter shall be construed as extending the time to appeal from the original judgment.

In turn, MCR 7.205(F)(3) states:

---

[7] The 1992 dates recited in the Court of Appeals order reflect the dates typed in the opening words of the circuit court orders. Each bears a date stamp that is several days later than the typed date, and neither contains a handwritten date accompanying the judge's signature. See, generally, MCR 2.602(A). This uncertainty does not alter the fact that the application for leave to appeal came more than 18 months after the first circuit court order and less than 18 months after the second.

[8] Unpublished order of the Court of Appeals, entered December 6, 1993 (Docket No. 167078).

Except as provided in subrule (F)(4),[9] if an application for leave to appeal is filed more than 18 months after entry of the order or judgment *on the merits,* leave to appeal may not be granted. [Emphasis supplied.]

The Court of Appeals correctly dismissed the delayed application for leave to appeal in this case. While there are instances in which an appeal period is calculated from the date that a timely postjudgment motion is resolved,[10] MCR 7.205(F)(3) provides no basis for so extending the eighteen-month period.[11] The circuit court's January 1992 dismissal order was the order "on the merits" of the defendant's motion for relief from judgment.

For these reasons, we affirm the dismissal order entered by the Court of Appeals. MCR 7.302(F)(1).

BRICKLEY, C.J., and BOYLE, RILEY,. MALLETT, and WEAVER, JJ., concurred.

CAVANAGH, J. (*dissenting*). I would reverse the order of the Court of Appeals. As the majority observes, MCR 6.509(A) governs an appeal from an order resolving a motion for relief from judgment:

> Availability of Appeal. Appeals from decisions under this subchapter are by application for leave to appeal to the Court of Appeals pursuant to MCR 7.205. *The 18-month time limit provided by MCR 7.205(F)(3), runs from the decision under this subchapter.* Nothing in this subchapter shall be construed as extending the time to appeal from the original judgment. [Emphasis supplied.]

---

[9] The defendant does not rely upon the provisions of MCR 7.205(F)(4).

[10] E.g., MCR 7.101(B)(1)(b), 7.204(A)(1)(b), 7.204(A)(2)(d), 7.205(F)(4), 7.302(C)(2)(c).

[11] Effective November 1, 1995, the eighteen-month period will be shortened to twelve months. 448 Mich xxx.

The court rules expressly provide for a motion for reconsideration of a summary dismissal of a motion for relief from judgment. MCR 6.504(B)(3). Therefore, the mid-February 1992 order resolving that motion was a "decision under this subchapter," which began the eighteen-month period specified in MCR 7.205(F)(3).[1]

Because the court rules are designed to simplify practice,[2] there is virtue in consistency. Michigan practitioners know that, in general, an appeal period is calculated from the date that a timely postjudgment motion is resolved.[3] I see no reason to adopt a different approach with regard to MCR 7.205(F)(3).

For these reasons, I would reverse the dismissal order entered by the Court of Appeals, and would remand this case to the Court of Appeals for consideration of the defendant's application for leave to appeal.

LEVIN, J., concurred with CAVANAGH, J.

---

[1] As noted by the majority, the eighteen-month period has been changed to twelve months effective November 1, 1995. *Ante,* p 646.

[2] MCR 1.105.

[3] E.g., MCR 7.101(B)(1)(b), 7.204(A)(1)(b), 7.204(A)(2)(d), 7.205(F)(4), 7.302(C)(2)(c). The 56-day limit of MCR 7.302(C)(3) is treated similarly.