**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED MAY 1, 2001**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                                   No. 117495

DAVID A. WALTERS,

    Defendant-Appellee.

_____

PER CURIAM

The defendant, through retained counsel, filed a motion for relief from judgment under MCR subchapter 6.500. After the circuit court denied the motion and a motion for reconsideration, counsel filed an application for leave to appeal, but it was denied as untimely. On rehearing, however, Court of Appeals remanded for a hearing on whether the untimeliness was the result of ineffective assistance of counsel. We conclude that because the defendant had no right

to counsel in proceedings under subchapter 6.500, the defendant cannot claim constitutionally ineffective assistance of counsel in these circumstances.

I

In 1992, the defendant was convicted by a jury of conspiracy to deliver and delivery of more than 650 grams of cocaine[1] and received a life sentence on each conviction. The Court of Appeals affirmed,[2] and we denied leave to appeal.[3]

In November 1998, retained counsel filed a motion for relief from judgment on behalf of the defendant. The circuit judge denied it with an order entered January 6, 1999. Counsel filed a motion for reconsideration on January 26, 1999, but there was delay in deciding the motion, and it was not until January 6, 2000, that the court issued an order denying it.

On March 9, 2000, counsel filed a delayed application for leave to appeal with the Court of Appeals. The Court initially dismissed the application for lack of jurisdiction because the application was not filed within twelve months of the January 6, 1999, order denying the motion for postjudgment relief. The Court of Appeals order cited MCR 7.205(F)(3) and

---

[1] MCL 750.157a; MSA 28.354(1). MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i).

[2] Unpublished opinion per curiam, issued May 3, 1996 (Docket No. 169513).

[3] 456 Mich 856 (1997).

2

*People v Sconious*, 448 Mich 643; 532 NW2d 840 (1995).

Counsel then filed a motion for rehearing, accompanied by an affidavit explaining that he was unaware of the holding in *Sconious*, that he had advised the defendant not to file his application for leave to appeal in the Court of Appeals until after the trial court decided the motion for reconsideration, and that he failed to advise the defendant that the application to the Court of Appeals must be filed within twelve months of the trial court's decision denying the motion for relief from judgment.

The Court of Appeals issued an order remanding to the trial court for further proceedings, while retaining jurisdiction. Among other things, the order directed the trial court to conduct an evidentiary hearing, "limited to defendant's claim that his failure to timely seek appellate review was caused by ineffective assistance of counsel. See *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973)." The Court of Appeals denied the prosecutor's motion for rehearing, and the prosecutor has filed an application for leave to appeal to this Court.

II

The Court of Appeals remand order directing the circuit court to consider whether the defendant received effective assistance of counsel presupposes that there is a right to effective assistance in a proceeding under MCR subchapter 6.500. In a series of cases, the United States

3

Supreme Court has considered the question of the right to effective assistance in postconviction remedy proceedings. As the Court explained in *Coleman v Thompson*, 501 US 722, 752-753; 111 S Ct 2546; 115 L Ed 2d 640 (1991):

> There is no constitutional right to an attorney in state post-conviction proceedings. *Pennsylvania v Finley*, 481 US 551; 107 S Ct 1990; 95 L Ed 2d 539 (1987); *Murray v Giarratano*, 492 US 1; 109 S Ct 2765; 106 L Ed 2d 1 (1989) (applying the rule to capital cases). Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. See *Wainwright v Torna*, 455 US 586; 102 S Ct 1300; 71 L Ed 2d 475 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective assistance). Coleman contends that it was his attorney's error that led to the late filing of his state habeas appeal. This error cannot be constitutionally ineffective; therefore Coleman must "bear the risk of attorney error that results in a procedural default."

*Wainwright v Torna*, *supra*, is particularly applicable. There, on direct appeal of his state convictions, the Florida Supreme Court dismissed on the ground that the application was not timely filed. The defendant sought habeas corpus relief in the federal courts, claiming that he had been denied his right to effective assistance of counsel by the failure of his retained counsel to timely file the application to the Florida Supreme Court. The U.S. District Court denied the petition, but the U.S. Court of Appeals for the Fifth Circuit reversed.[4] The U.S. Supreme Court in turn reversed, denying habeas corpus relief. The Court explained:

---

[4] 649 F2d 290 (CA 5, 1981).

4

In *Ross v Moffitt*, 417 US 600; 94 S Ct 2437; 41 L Ed 2d 341 (1974), this Court held that a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or applications for review in this Court. Respondent does not contest the finding of the District Court that he had no absolute right to appeal his convictions to the Florida Supreme Court. Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely.[4] [455 US 587-588.]

_____

[4] Respondent was not denied due process of law by the fact that counsel deprived him of his right to petition the Florida Supreme Court for review. Such deprivation—even if implicating a due process interest—was caused by his counsel, and not by the State. Certainly, the actions of the Florida Supreme Court in dismissing an application for review that was not filed timely did not deprive respondent of due process of law.

_____

This Court has repeatedly recognized that Const 1963, art 1, § 20, affords no greater rights than the Sixth Amendment with respect to the right to appointed counsel. See, e.g., *People v Reichenbach*, 459 Mich 109, 119-120; 587 NW2d 1 (1998). Therefore, we conclude, in accordance with *Coleman* and *Wainright*, that, because a defendant has no constitutional right to appointed counsel in filing a motion for relief from judgment under subchapter 6.500 of the Michigan Court Rules, a defendant cannot claim constitutionally ineffective assistance of counsel by counsel's failure timely to file an application for leave to appeal from the denial of such a motion.

III

5

The existence of the right to effective assistance of counsel is the premise underlying the Court of Appeals remand order. Since the defendant had no such right in this proceeding, the Court of Appeals order of June 20, 2000, is reversed and its dismissal order dated March 24, 2000, is reinstated.

CORRIGAN, C.J., and WEAVER, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.

CAVANAGH and KELLY, JJ. We would not dispose of this case by opinion per curiam, but would deny leave to appeal.