# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

RAPHAEL CORDERO CAMPBELL,

      Defendant-Appellant.

UNPUBLISHED
August 20, 2015

No. 320557
Wayne Circuit Court
LC No. 13-009175-FC

Before: OWENS, P.J., and SAAD and GADOLA, JJ.

PER CURIAM.

Defendant appeals his bench trial convictions of carjacking, armed robbery, felon in possession, and felony firearm. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

On the evening of September 25, 2013, defendant approached the victim and her 11 year-old sister, who were on a motorbike and had stopped at a stop sign in Detroit. Defendant brandished a handgun at the victim and her sister, held the weapon approximately six inches from the victim's ear, and fired a shot into the air. He then demanded the victim's money and motorbike.

Afraid that defendant might kill her or her sister, the victim complied. As defendant drove away, the victim and her sister ran home, which was two blocks from the scene. After she attempted to call the police—her call did not go through—the victim told her mother and step-father that she had been robbed. Although the victim did not personally know defendant, she recognized him because she had seen him in her neighborhood. The family then got into the step-father's van, and drove around the neighborhood looking for defendant and the stolen motorbike.

Meanwhile, a Detroit Police officer on patrol in the neighborhood stopped defendant for making a reckless turn. Defendant gave his state identification to the officer. During the traffic stop, the victim and her family approached the scene in their van. The victim recognized defendant, and told the officer that defendant had stolen her motorbike. As the officer requested backup, defendant dropped the motorbike and fled on foot.

-1-

Within 45 minutes, the police found defendant, now unarmed, hiding in an attic crawlspace of the residence listed on his identification. The prosecution subsequently charged him with: (1) carjacking, MCL 750.529a; (2) armed robbery, MCL 750.529; (3) felon in possession, MCL 750.224f; and (4) felony firearm, MCL 750.227b.

Defendant opted to have a bench trial in the Wayne Circuit Court, and the parties stipulated that defendant's prior felony conviction made it illegal for him to possess a firearm on the date of the carjacking. Nonetheless, defendant denied carjacking or robbing the victim. He testified that he was in a casual sexual relationship with the victim in September 2013, and that the victim only accused him of the charged crimes when she learned he had cheated on her. Defendant said he ran from the police because he was fearful the victim's stepfather would attack him, despite the presence of a police officer.

The trial court convicted defendant of the above charges. After sentencing, defendant's appellate counsel filed a motion in the trial court requesting a new trial. The motion alleged that defendant's trial attorney gave defendant ineffective assistance when he did not interview potential defense witnesses that purportedly would have corroborated defendant's claim that he and the victim had a relationship. The court held an evidentiary hearing on the matter, and heard testimony from defendant, his trial lawyer, his mother, and his cousin.

In December 2014, the trial court issued an opinion and order denying defendant's motion for a new trial. It noted that defendant failed to show his counsel performed ineffectively, especially in light of defendant and his supporting witnesses' "incredible" version of events.

On appeal, defendant argues that the prosecution presented insufficient evidence to sustain his convictions. He also says, yet again, that his trial counsel gave him ineffective assistance, because the attorney did not call supposedly relevant witnesses to support defendant's purported innocence.[1] The prosecution asks us to uphold the ruling of the trial court.

---

[1] Defendant also makes a number of incoherent, unpreserved, and frivolous arguments in his standard 4 brief that do not merit extended discussion. Specifically, defendant alleges that his trial counsel should have: (1) obtained phone records or text messages that supposedly would have impeached the victim's trial testimony; and (2) subpoenaed the victim's 11 year-old sister as a witness. These claims are without merit and necessarily fail because defendant has provided no evidence that the phone records or text messages exist, nor has he offered any evidence of what the sister (who may have elicited a sympathetic emotional reaction from the court, which would have further damaged defendant's case) would have said in her testimony at trial. *People v Avant*, 235 Mich App 499, 508; 597 NW2d 864 (1999).

Equally unavailing is defendant's claim that his *appellate* counsel performed ineffectively during the post-conviction proceedings. Criminal defendants do not have a right to counsel in such proceedings, so defendant may not claim that any assistance he was fortunate enough to receive was ineffective. *People v Walters*, 463 Mich 717, 720; 624 NW2d 922 (2001). In any event,

## II. STANDARD OF REVIEW

Sufficiency of the evidence presented during a bench trial is reviewed de novo. *People v Wilkens*, 267 Mich App 728, 738; 705 NW2d 728 (2005). The evidence is viewed in the "light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Robinson*, 475 Mich 1, 5; 715 NW2d 44 (2006). The reviewing "court must draw all reasonable inferences and make credibility choices in support of the . . . verdict." *People v Cameron*, 291 Mich App 599, 613; 806 NW2d 371 (2011).

A trial court's denial of a motion for a new trial is reviewed for an abuse of discretion. *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008). A trial court abuses its discretion when it "chooses an outcome that falls outside the range of principled outcomes." *People v Jones*, 497 Mich 155, 161; 860 NW2d 112 (2014) (citation omitted).

Effective assistance of counsel is presumed and "the defendant bears a heavy burden of proving otherwise." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012). "Whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). A factual finding is clearly erroneous if it either lacks substantial evidence to sustain it, or if the reviewing court is left with the definite and firm conviction that the trial court made a mistake. *Miller-Davis Co v Ahrens Constr, Inc*, 495 Mich 161, 172-173; 848 NW2d 95 (2014). When it reviews a trial court's factual findings, a court must give deference to the trial court's determinations on witness credibility. *People v Farrow*, 461 Mich 202, 208; 600 NW2d 634 (1999).

## III. ANALYSIS

### A. SUFFICIENCY OF THE EVIDENCE

Defendant makes the unavailing and misplaced argument that the prosecution presented insufficient evidence to sustain his convictions for: (1) carjacking, MCL 750.529a; (2) armed robbery, MCL 750.529; (3) felon in possession, MCL 750.224f; and (4) felony firearm, MCL 750.227b.

As a preliminary matter, defendant's argument ignores Michigan law, because our Court will not substitute its judgment for that of the fact finder—in a bench trial, the trial court—on the matter of what inferences can be fairly drawn from the evidence. *People v Kosik*, 303 Mich App

---

defendant has utterly failed to show that his appellate counsel gave him ineffective assistance at this proceeding, beyond baseless assertions of the attorney's incompetence.

Finally, defendant makes the unpreserved (and unavailing) argument that the trial court displayed bias against him in its discussion of his disposal of the handgun after he committed the carjacking and robbery. Viewed in context, the trial court did not exhibit bias at all. It merely recognized that defendant had a special motive to dispose of the handgun because he was legally prohibited from possessing it.

146, 150-151; 841 NW2d 906 (2013). In any event, there was ample evidence proffered at trial for a rational trier of fact to find defendant guilty of carjacking, armed robbery, felon-in-possession, and felony-firearm.

## 1. CARJACKING

MCL 750.529a(1), the statute that prohibits carjacking, provides:

> A person who in the course of committing a larceny of a motor vehicle uses force or violence or the threat of force or violence, or who puts in fear any operator, passenger, or person in lawful possession of the motor vehicle, or any person lawfully attempting to recover the motor vehicle, is guilty of carjacking, a felony punishable by imprisonment for life or for any term of years.

Again, the victim testified that, while she was at a stop sign on her motorbike with her 11-year-old sister, defendant fired a handgun six inches from her ear, and demanded her money and the motorbike. She gave defendant both because she was afraid he might kill her or her sister. Defendant took her money and drove away on her motorbike. As such, the court correctly held that defendant committed carjacking because he: (1) put the victim in fear, (2) while stealing her motor vehicle, of which (3) she was the operator and lawful possessor.

## 2. ARMED ROBBERY

Armed robbery consists of three elements: " '(1) an assault, and (2) a felonious taking of property from the victim's person or presence, while (3) the defendant is armed with a weapon described in the statute.' " *People v Henry (After Remand)*, 305 Mich App 127, 142; 854 NW2d 114 (2014). "The offense of assault requires proof that the defendant made either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Watkins*, 247 Mich App 14, 33; 634 NW2d 370 (2001).

In this case, defendant committed assault when he fired a handgun near the victim's ear and demanded that she give him her motorbike and money. Defendant brandished and fired the handgun, which gave the victim the reasonable apprehension that he would batter her if she did not comply. He then took her motorbike and money. And, of course, he effected each action by threatening the victim with a "dangerous weapon" per MCL 750.529. The trial court thus properly convicted defendant of armed robbery.

## 3. FELON IN POSSESSION

Felon in possession requires defendant to: (1) have a previous felony conviction that makes him or her ineligible to possess a firearm; and (2) possesses a firearm. See *People v Perkins*, 473 Mich 626, 635-636; 703 NW2d 448 (2005). Here, defendant stipulated that he had a previous felony conviction that made him ineligible to possess a firearm, and the victim testified that he possessed a handgun when he took her money and motorbike. Thus, the trial court accurately found defendant guilty of felon in possession.

## 4. FELONY FIREARM

A defendant "is guilty of felony-firearm if the [defendant] possesses a firearm during the commission of a felony." *People v Jackson*, 292 Mich App 583, 588; 808 NW2d 541 (2011). Both armed robbery and carjacking are felonies, and, again, the victim testified that defendant possessed a firearm while committing both armed robbery and carjacking. Accordingly, the trial court rightly held that defendant committed felony-firearm.

## B. ASSISTANCE OF COUNSEL

To assert a valid claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness under professional norms, (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different, and (3) the ultimate result was "fundamentally unfair or unreliable." *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009). The "reviewing court must not evaluate counsel's decisions with the benefit of hindsight," but should "ensure that counsel's actions provided the defendant with the modicum of representation" constitutionally required. *People v Grant*, 470 Mich 477, 485; 684 NW2d 686 (2004).

Here, defendant wrongly claims, as he did in the trial court after his sentencing, that his trial counsel gave him ineffective assistance because the lawyer did not call or locate witnesses[2] that would have testified to his professed innocence. These claims are unavailing because the trial court—after it heard the witnesses in question testify at a lengthy and exhaustive post-conviction hearing, which it was not required to hold—properly found that none of these witnesses were credible or demonstrated defendant's innocence.

In any event, other than his mere assertions to the contrary, defendant provides no evidence that his counsel failed to investigate witnesses of whom counsel had been informed. In fact, defendant's trial attorney told the trial court that he had reviewed his files before the post-conviction hearing, and that he was unfamiliar with the names of any of the witnesses defendant claimed to have given him. Counsel also testified that he did not believe defendant ever gave him the names of these potential defense witnesses.

To repeat, in its opinion and order denying defendant's motion for a new trial, the trial court found defendant's version of events—which was supported by the witnesses his counsel allegedly did not call to testify—to be both implausible and "incredible." The court also found that the post-conviction testimony of one of the witnesses, defendant's cousin, to be generally "suspect and inconclusive." Defendant has failed to provide any evidence or argument to doubt the trial court's determination, beyond unsupported assertions, which are without merit.[3]

---

[2] These witnesses are defendant's family members, who would have motive to lie about defendant's whereabouts to help him avoid a criminal conviction.

[3] Defendant's conduct during the traffic stop supports the judgment of the trial court that the witnesses vouching for his innocence were not credible. If, as defendant claims, the victim had actually given defendant permission to use her motorbike and simply fabricated the allegations because of her anger at his infidelity, it is reasonable to assume that defendant would not have

Affirmed.

/s/ Donald S. Owens
/s/ Henry William Saad
/s/ Michael F. Gadola

---

fled and hidden from the police after the traffic stop.  Instead, he would have explained the situation to the officer.