*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

QUENTIN LAMAR GREEN,

Defendant-Appellant.

UNPUBLISHED
August 22, 2025
11:57 AM

No. 367131
Genesee Circuit Court
LC No. 2011-029464-FC

Before: K. F. KELLY, P.J., and MARIANI and ACKERMAN, JJ.

PER CURIAM.

Defendant was resentenced to 25 to 60 years' imprisonment for his 2012 conviction of first-degree felony murder, MCL 750.316(1)(b), and now appeals by right. We affirm.

## I. BACKGROUND

In June 2012, a jury found defendant guilty of one count of felony murder; two counts of assault with intent to murder (AWIM), MCL 750.83; and one count of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, for offenses he committed during an armed robbery when he was 18 years old. The trial court sentenced defendant to mandatory life imprisonment without the possibility of parole (LWOP) for the felony-murder conviction, 285 to 600 months' imprisonment for each of the AWIM convictions, and a consecutive term of two years' imprisonment for the felony-firearm conviction. Defendant appealed his convictions, and this Court affirmed.[1] Defendant then filed an application for leave to appeal with our Supreme Court, which the Court denied.[2]

Defendant subsequently hired new counsel and, in December 2021, filed a motion for relief from judgment (MFRJ) under MCR 6.500 *et seq*. In his MFRJ, defendant raised seven claims of

---

[1] *People v Green*, unpublished opinion of the Court of Appeals, issued April 22, 2014 (Docket No. 312492).

[2] *People v Green*, 497 Mich 889 (2014).

error, including, in relevant part, that his trial counsel was ineffective during the plea-bargaining stage of his case. Unfortunately, sometime in February 2022, defendant's retained counsel unexpectedly passed away. A different attorney at the law firm, with the assistance of the paralegal who had already been working on defendant's case, thereafter assumed representation of defendant and corresponded with him about the status of his postconviction proceedings.

On July 28, 2022, while defendant's MFRJ was pending, our Supreme Court released its decision in *People v Parks*, 510 Mich 225, 268; 987 NW2d 161 (2022), which held that sentencing 18-year-old defendants convicted of first-degree murder to mandatory LWOP constituted unconstitutionally cruel punishment under the Michigan Constitution, Const 1963, art 1, § 16, and that those defendants were entitled to the full protections and procedures afforded to juveniles under Michigan's statutory sentencing scheme, MCL 769.25, and related caselaw. That same day, our Supreme Court also released an order in *People v Poole*, 510 Mich 851, 851-852 (2022), in which the Court determined that the 18-year-old defendant convicted of first-degree murder could challenge the constitutionality of his mandatory LWOP sentence in his successive MFRJ and, accordingly, remanded to this Court to determine what relief, if any, was available to the defendant under *Parks*. See also *Parks*, 510 Mich at 234 n 2.

Approximately one month later, defendant, via counsel, reached out to the prosecution to open discussions regarding resolution of his pending MFRJ and the possibility of a reduced sentence in light of our Supreme Court's recent decisions. Over the ensuing months, defendant and the prosecution engaged in negotiations to obtain a resolution amenable to both parties. Defendant ultimately accepted the prosecution's offer to resentence him to 25 to 60 years' imprisonment for his felony-murder conviction in exchange for dismissal of his pending MFRJ and, in March 2023, the trial court issued a stipulated order memorializing the terms of the parties' agreement. Upon entry of the order, defendant's pending MFRJ "and all claims of error contained therein" were dismissed with prejudice, and a resentencing hearing was subsequently scheduled.

Defendant's resentencing hearing occurred in June 2023, at which the trial court resentenced defendant in accordance with the terms of the parties' agreement. Pursuant to additional negotiations between defendant's new counsel[3] and the prosecution during the weeks before the hearing, however, defendant's felony-firearm conviction was also dismissed, thereby eliminating the mandatory, consecutive two years of imprisonment that would have accompanied that conviction. As a result, defendant received an overall sentence of 25 to 60 years' imprisonment, as opposed to 27 to 62 years' imprisonment.

This appeal followed.[4]

---

[3] Defendant obtained new counsel to represent him approximately one month before the resentencing hearing.

[4] When defendant filed his brief on appeal with this Court, he also filed a motion to remand to the trial court for an evidentiary hearing and attached an affidavit from himself as an offer of proof. This Court denied defendant's motion "for failure to persuade the Court of the necessity of a remand at this time," but "without prejudice to a case call panel of this Court determining that

## II. DISCUSSION

On appeal, defendant argues that he received ineffective assistance from the counsel that handled his initial resentencing negotiations. We disagree.

Whether counsel was ineffective presents a mixed question of fact and law, with factual findings reviewed for clear error and questions of law reviewed de novo. *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018). "The trial court's findings are clearly erroneous if this Court is definitely and firmly convinced that the trial court made a mistake." *People v Shaw*, 315 Mich App 668, 672; 892 NW2d 15 (2016).

"To establish ineffective assistance of counsel, a defendant must show (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *Id*. This Court presumes counsel was effective, and a defendant carries a heavy burden to overcome that presumption. *People v Muniz*, 343 Mich App 437, 448; 997 NW2d 325 (2022). This burden includes "overcom[ing] the strong presumption that counsel's performance was born from a sound trial strategy." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). That said, "a court cannot insulate the review of counsel's performance by calling it trial strategy; counsel's strategy must be sound, and the decisions as to it objectively reasonable." *People v Ackley*, 497 Mich 381, 388-389; 870 NW2d 858 (2015) (quotation marks and citation omitted).

Defendant has not shown that his counsel performed ineffectively in securing resentencing relief for him in this case. Following extensive negotiations with the prosecution, counsel obtained a guaranteed resentencing of a minimum of 25 years for defendant's felony-murder conviction, which was the lowest possible minimum sentence that defendant could have received under the resentencing statute. See MCL 769.25(9). Indeed, absent the agreement, defendant could have received a minimum sentence as high as 40 years. See *id*. Defendant also could have been denied a term-of-years sentence entirely and instead received LWOP at resentencing, if the prosecution moved for such a sentence and the trial court believed that it was appropriate. See MCL 769.25(2)-(3), (6)-(7). In other words, had defendant refused the offer, he was by no means guaranteed the 25-year minimum sentence for his felony-murder conviction that his counsel had obtained through resentencing negotiations with the prosecution.[5]

---

remand is necessary once the case is submitted on a session calendar." *People v Green*, unpublished order of the Court of Appeals, entered June 13, 2024 (Docket No. 367131). Upon plenary review of the matter, we continue to see no need for a remand to properly dispose of the instant appeal.

[5] Furthermore, at the time counsel secured this resentencing agreement, it had not yet even been determined that *Parks*, and its entitlement to resentencing for 18-year-old offenders, applied retroactively. See generally *People v Poole*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 352569).

Defendant's claim of ineffectiveness focuses not so much on the resentencing benefit secured through this agreement, but on the dismissal of his MFRJ in exchange for it. Defendant argues that, during the resentencing negotiations, counsel "withheld critical information and evidence" from him that bore on the strength of his MFRJ and, had he been apprised of this information and evidence at that time, he would not have agreed to dismiss his MFRJ in exchange for a 25-year minimum sentence for his felony-murder conviction. Specifically, defendant asserts that counsel informed the prosecution during resentencing negotiations that she had information that defendant's trial counsel had "admitted he 'dropped the ball' " during pretrial plea negotiations. According to defendant, counsel never informed him of that information. Defendant argues that because this statement by his trial counsel was directly relevant to—and strengthened— one of the ineffective-assistance claims in his MFRJ, counsel was ineffective for failing to convey it to him during the resentencing negotiations.

Defendant has failed to present a colorable claim of ineffective assistance on this basis. To start, defendant had no right to the effective assistance of counsel as to his MFRJ, and so he cannot viably claim ineffective assistance as to his counsel's handling of that motion. See *People v Walters*, 463 Mich 717, 720-721; 624 NW2d 922 (2001). And in any event, defendant has not shown that counsel's claimed failure to convey this specific information rendered counsel's overall advice regarding the MFRJ and resentencing deficient, or that there is a reasonable likelihood of a different, more favorable outcome had counsel advised defendant of this information. See *Shaw*, 315 Mich App at 672. As the record makes clear, counsel's advice to defendant was that, while counsel believed that the MFRJ had strong claims of error, such motions, even when strong, are rarely successful. Counsel further advised defendant that even if they managed to obtain a new trial for him based on one or more of the claims of error in the MFRJ, it was very likely that he would again be convicted of the same four offenses based on the testimony and evidence the prosecution would present, and he would ultimately be in the same position that he was already in—just without the benefit of the resentencing deal. Defendant has offered nothing, such as an affidavit from the trial counsel who apparently admitted to "dropp[ing] the ball" with defendant's pretrial plea offer, to substantiate what exactly resentencing counsel's information to that effect may have entailed and whether it actually would have rendered defendant's ineffective-assistance claim in his MFRJ any more likely to succeed than what counsel had advised during resentencing negotiations. Nor has defendant otherwise meaningfully impugned the quality of counsel's advice in that regard.

Similarly, there is nothing to indicate that, had defendant decided to decline the prosecution's resentencing offer and instead forge ahead with his MFRJ, he would have ended up any better off. See *id*. Had defendant rejected the offer and then failed to secure relief through his MFRJ, he would have still been entitled to resentencing under *Parks* but would have lost the benefit of the resentencing agreement—which, as discussed, guaranteed him the lowest possible minimum sentence he could receive for his felony-murder conviction and eliminated the mandatory, consecutive two-year sentence that he faced for the felony-firearm conviction. Thus, to obtain a better outcome than what he received, defendant would have to both secure a new trial and then receive a more favorable outcome at trial (or via plea) than he did previously. Defendant

has not argued, let alone shown, that such an outcome is reasonably probable. See *Shaw*, 315 Mich App at 672.[6]

In sum, defendant has not demonstrated entitlement to relief on his claim of ineffective assistance of counsel.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Philip P. Mariani
/s/ Matthew S. Ackerman

---

[6] For instance, and consistent with counsel's advice to defendant during resentencing negotiations, defendant has offered nothing to suggest that his odds at retrial would be any better than at his initial trial, and as discussed, if defendant were again convicted of the same offenses, he would face a sentence that would be, by legal necessity, worse than what he is currently serving. And although, if defendant were to prevail on his MFRJ claim of pretrial ineffective assistance, a possible remedy would be to vacate his convictions and remand for the prosecution to reoffer the prior, pretrial plea proposal, defendant has made no attempt to argue or show that such a remedy would be appropriate in this case or would, in fact, ultimately lead to a better outcome for him. See *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014) (discussing the showing necessary for this potential remedy).