KELLY, J.
This interlocutory appeal concerns whether a defendant charged with reckless driving causing death[1] is entitled to a jury instruction on the misdemeanor lesser offense of moving violation causing death,[2] notwithstanding the Legislature’s prohibition against such an instruction.[3] Ordinarily, statutory law entitles criminal defendants to instructions on necessarily included lesser offenses when the facts at issue warrant such instructions.[4] Here, because the Legislature specifically created an exception prohibiting an instruction on moving violation causing death where the charged offense is reckless driving causing death, and because the Legislature did not exceed its constitu *158 tional authority in doing so, we hold that it was error for the circuit court to grant the defendant’s request to instruct the jury on moving violation causing death.
We therefore reverse the judgment of the Court of Appeals and remand this case to the Wayne Circuit Court for further proceedings consistent with this opinion. Specifically, on remand, the circuit court shall enter an order vacating its ruling granting defendant’s request to instruct the jury on the misdemeanor lesser offense of moving violation causing death. In light of the clear legislative dictates of MCL 257.626(5), the circuit court is precluded from granting defendant’s request and providing such a jury instruction.
I. FACTS AND PROCEDURAL HISTORY
On the afternoon of March 2, 2012, defendant was driving his automobile at approximately 80 mph on a road with a posted speed limit of 35 mph. While changing lanes, defendant collided with another vehicle, which, in turn, struck a third vehicle that had been parked on the side of the road. The driver of the second vehicle was killed in the collision. Consequently, defendant was charged with reckless driving causing death under MCL 257.626(4).
Prior to trial, defense counsel filed a motion in limine, requesting that the circuit court instruct the jury on the misdemeanor lesser offense of committing a moving violation causing death. Despite the explicit prohibition in MCL 257.626(5) against such an instruction, the circuit court granted the motion, concluding that moving violation causing death is a necessarily included lesser offense of reckless driving causing death and, therefore, MCL 257.626(5) violates the doctrine of separation of powers under Const 1963, art 3, § 2.
*159 The prosecution appealed, and the Court of Appeals affirmed in a split published opinion. The majority held that MCL 257.626(5) is constitutionally infirm because it violates both the separation of powers and a criminal defendant’s fundamental due process right to a trial by jury.[5] Noting the general rule that a jury may acquit a defendant of the charged offense and instead find him guilty of a lesser offense, the majority first concluded that it is a violation of the separation of powers for the Legislature to prohibit the courts from instructing the jury on a necessarily included lesser offense. Because MCL 257.626(5) impermissibly precludes an instruction on moving violation causing death, which “by definition” is a necessarily included lesser offense of reckless driving causing death, the majority held the statutory prohibition to be unconstitutional.[6] The majority explained that because the Legislature’s sole function is to create substantive law whereas the Supreme Court has exclusive rulemaking authority in matters of practice and procedure, effectuating the right to a properly instructed jury is exclusively within the domain of the judiciary.[7] Therefore, by prohibiting courts from instructing juries on the necessarily included lesser offense of moving violation causing death, the Legislature, via MCL 257.626(5), unconstitutionally infringed the judiciary’s authority to establish court practice and procedure.[8]
Alternatively, the majority concluded that MCL 257.626(5) could likewise be invalidated as an unconsti *160 tutional deprivation of a defendant’s right to a trial by a properly instructed jury. The majority observed that although MCL 257.626(5) plainly prevents the court from instructing the jury on the lesser offense of moving violation causing death, the statute does not bar or otherwise restrict a judge sitting as fact-finder from finding a defendant guilty of that lesser offense. The majority reasoned that, had the Legislature intended to limit a judge’s consideration of moving violation causing death, it could have easily included language to that effect. Because a criminal defendant has no right to a bench trial unless the prosecutor and judge agree,[9] MCL 257.626(5) places a criminal defendant in the position of compromising one right in favor of another, namely, a criminal defendant must relinquish his constitutional right to a trial by jury in order to permit the fact-finder to consider the lesser offense of moving violation causing death.[10]
We granted the prosecution’s interlocutory application for leave to appeal, directing the parties to brief the following issues:
(1) whether a legislative provision barring consideration of a necessarily included lesser offense violates the separation of powers doctrine, Const 1963, art 3, § 2; (2) whether MCL 257.626(5) violates a defendant’s right to a jury trial by foreclosing a jury instruction on a lesser offense; and (3) whether MCL 257.601d is a necessarily included lesser offense of MCL 257.626(4).[11]
II. STANDARD OF REVIEW
The prosecution contends that the circuit court erred by granting defendant’s request to instruct the jury on *161 the misdemeanor lesser offense of moving violation causing death. We review de novo a claim of instructional error involving a question of law.[12] However, a circuit court’s decision as to whether a requested lesser-included-offense instruction is applicable under the facts of a particular case will only be reversed upon a finding of an abuse of discretion.[13] An abuse of discretion occurs when the circuit court chooses an outcome that falls outside the range of principled outcomes.[14] Before addressing any alleged instructional error by the circuit court, however, we first consider whether a defendant is entitled to a jury instruction on the offense of moving violation causing death despite the statutory prohibition set forth in MCL 257.626(5). We review this and other questions of law de novo.[15]
III. ANALYSIS
In determining whether the circuit court erred by granting the request to instruct the jury on the misdemeanor lesser offense of moving violation causing death, we begin by reviewing the common law and statutory basis for lesser offense instructions, after which we will address the extent to which this review affects the construction of the reckless driving causing death and moving violation causing death provisions.[16]
*162 A. PROPRIETY OF LESSER-INCLUDED-OFFENSE INSTRUCTIONS
At common law, the general rule of lesser included offenses was that
when an indictment charged an offense which included within it another less offense or one of a lower degree, the defendant, though acquitted of the higher offense, might be convicted of the less.
This rule, however, was subject to the qualification, that upon an indictment for a felony, the defendant could not be convicted of a misdemeanor.[17]
This common-law rule has since been legislatively modified[18] and appears in what is now MCL 768.32(1), which provides as follows:
Except as provided in subsection (2), upon an indictment for an offense, consisting of different degrees, as prescribed in this chapter, the jury, or the judge in a trial without a jury, may find the accused not guilty of the offense in the degree charged in the indictment and may find the accused person guilty of a degree of that offense inferior to that charged in the indictment, or of an attempt to commit that offense.[19]
*163 Reduced to its simplest terms, when a defendant is charged with an offense “consisting of different degrees,” the factfinder may, consistent with the statutory text, acquit the defendant of the charged offense and find him of her “guilty of a degree of that offense inferior to that charged in the indictment. ..
In People v Cornell,[20] this Court considered what crimes constitute lesser or “inferior” offenses within the meaning of MCL 768.32(1). After reviewing the dissonant approaches to lesser-included-offense instructions articulated throughout our jurisprudence, this Court noted that “the word ‘inferior’ in the statute does not refer to inferiority in the penalty associated *164 with the offense, but, rather, to the absence of an element that distinguishes the charged offense from the lesser offense.”[21] On this basis, this Court concluded that a defendant is entitled to a lesser offense instruction only if that lesser offense is necessarily included in the greater offense; that is, the offense must be committed as part of the greater offense insofar as it would be “impossible to commit the greater offense without first committing the lesser offense.”[22] Cornell thus interpreted the legislative prerogative contained in MCL 768.32(1)—that an included-inferior-offense instruction may be appropriate upon request—as limited to necessarily included lesser offenses only; it foreclosed consideration of cognate lesser offenses, which, in the absence of adequate notice, may violate a defendant’s fundamental due process rights.[23] Under Cornell, then, the rule of lesser included offenses is simple: pursuant to MCL 768.32(1), the court must first determine whether an offense is necessarily included, which requires a comparison of the elements of the offenses, and if so, the court must then determine whether an instruction is warranted on the facts of a particular case by examining whether “the charged greater offense *165 requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support [the instruction].”[24]
As a corollary of this conclusion, Cornell returned MCL 768.32(1) to its original construction as given by this Court in Hanna-, consideration of cognate lesser offenses is not permitted and the right to an instruction on a necessarily included lesser offense turns on whether “the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support [the instruction].”[25] In so doing, this Court noted the separation of powers concerns inherent in its earlier caselaw permitting instructions on cognate offenses: to interpret MCL 768.32(1) as permitting instruction on cognate offenses is not a proper exercise of Supreme Court authority to determine rules of practice and procedure. While this Court exclusively retains the authority and duty to prescribe general rules that “establish, modify, amend, and simplify the practice and procedure in all courts of this state,”[26] it cannot be disputed that “enact[ing] court rules that establish, abrogate, or modify the substantive law”[27] transcends the limits of that authority. Indeed, “matters of substantive law are left to the Legislature.”[28] And because “[determining what charges a jury may consider does not concern merely the ‘judicial dispatch of litigation,’ ”[29] MCL 768.32(1) thus concerns *166 a matter of substantive law and, consequently, courts may not promulgate procedural rules contrary to statutory law governing lesser-included-offense instructions, but are instead required to adhere to the legislative dictates.
B. RECKLESS DRIVING CAUSING DEATH AND MOVING VIOLATION CAUSING DEATH
Defendant was charged with reckless driving causing death pursuant to MCL 257.626(4). The reckless driving statute, MCL 257.626, provides in relevant part as follows:
(2) Except as otherwise provided in this section, a person who operates a vehicle upon a highway or a frozen public lake, stream, or pond or other place open to the general public, including, but not limited to, an area designated for the parking of motor vehicles, in willful or wanton disregard for the safely of persons or property is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00, or both.
(4) Beginning October 31, 2010,[30] a person who operates a vehicle in violation of subsection (2) and by the operation of that vehicle causes the death of another person is guilty of a felony punishable by imprisonment for not more than 15 years or a fine of not less than $2,500.00 or more than $10,000.00, or both. The judgment of sentence may impose the sanction permitted under section 625n. If the vehicle is not ordered forfeited under section 625n, the court shall order vehicle immobilization under section 904d in the judgment of sentence.
(5) In a prosecution under subsection (4), the jury shall not be instructed regarding the crime of moving violation causing death.
*167 Taken together, then, these provisions demonstrate the Legislature’s intent that a person is guilty of reckless driving causing death, a 15-year felony, if that person “operates a vehicle ... [in willful or wanton disregard for the safety of persons or property] and by the operation of that vehicle causes the death of another person. ...” Moreover, in a prosecution for reckless driving causing death, “the jury shall not be instructed regarding the crime of moving violation causing death.”
Despite these plain legislative dictates, the circuit court granted defendant’s request that the jury be instructed on the misdemeanor lesser offense of moving violation causing death, which, in turn, provides as follows:
(1) A person who commits a moving violation that causes the death of another person is guilty of a misdemeanor punishable by imprisonment for not more than 1 year or a fine of not more than $2,000.00, or both.
(3) This section does not prohibit the person from being charged with, convicted of, or punished for any other violation of law.
(4) As used in this section, “moving violation” means an act or omission prohibited under this act or a local ordinance substantially corresponding to this act that involves the operation of a motor vehicle, and for which a fine may be assessed.[31]
IV APPLICATION
Assuming, based on the record concession, that moving violation causing death indeed constitutes a necessarily included lesser offense of reckless driving causing *168 death, we nevertheless conclude that the circuit court erred in granting the request that the jury be instructed on the misdemeanor lesser offense of moving violation causing death. MCL 768.32(1) sets forth the general rule that a defendant is entitled to have the jury instructed on necessarily included lesser offenses. MCL 257.626(5), in turn, sets forth a clear exception to this general rule: when a defendant is charged with reckless driving causing death, “the jury shall not be instructed regarding the crime of moving violation causing death.” As Cornell indicates, MCL 768.32(1) reflects both the Legislature’s abolition of the common-law misdemeanor restriction as well as its proscription against consideration of cognate lesser offenses.[32] As Cornell further indicates, this legislative modification does not impermissibly infringe this Court’s constitutional authority to enact rules governing practice and procedure, because “[djetermining what charges a jury may consider . .. concerns a matter of substantive law.”[33] Just as modifying the common-law rule is a permissible exercise of legislative authority under Cornell, we conclude that, by extension, so too is creating a substantive exception to that rule.[34]
Notwithstanding this Court’s explicit statements to the contrary, the Court of Appeals interprets Cornell to “support” its conclusion that “determining what instructions should be given to the jury is exclusively *169 within the judiciary’s role.”[35] The Court of Appeals opinion similarly asserts that “[c]orrectly instructing the jury ... is a fundamental requirement of fair and proper administration of justice.”[36] Yet the two cases upon which the Court of Appeals relies in support of this proposition—People v Murray and People v Townes[37]—contain no such language nor do they somehow suggest that a criminal defendant has an unfettered right to have the jury instructed on a lesser included offense or that such instructions are within the exclusive domain of the judiciary. At most, these cases merely reaffirm the unexceptional legal premise that a judge has a duty to accurately instruct the jury regarding the “law applicable to the facts,”[38] irrespective of whether a proper request for or objection to those instructions has been made. Contrary to the Court of Appeals’ assertion, MCL 257.626(5) is not a matter of practice and procedure, and, consequently, there can be no violation of separation of powers simply because a necessarily included lesser offense exists and the Legislature has acted within its constitutional authority by creating a substantive exception that prohibits or otherwise limits the jury’s consideration of that lesser offense.
Nevertheless, defendant also argues that his Sixth Amendment right to a jury trial requires an instruction on moving violation causing death. However, the United States Supreme Court has not identified any requirement that a jury must consider lesser included offenses when deciding whether to convict on the charged of *170 fense. While the United States Supreme Court has ruled that, in a capital case, the jury must have the opportunity to convict on a lesser included offense,[39] this holding has been limited to capital offenses.[40] Except within this limited circumstance, the United States Supreme Court has expressly declined to rule on whether there is a constitutional entitlement to have the jury consider lesser included offenses.
Neither does the fact that MCL 257.626(5) is silent in the context of a judge sitting as finder of fact at a bench trial alter our conclusion. As stated, the Legislature made a policy decision that the jury may not be instructed on the lesser offense of moving violation causing death when the defendant is on trial for reckless driving causing death. The trial judge has a duty to instruct the jury “as to the law applicable to the case,”[41] including lesser included offenses, and MCL 257.626(5) presents one such law applicable to the charge of reckless driving causing death. Furthermore, there is logical connection between the jury being instructed “as to the law applicable to the case,” MCL 768.29, and the jury finding guilt based on those instructions. That is, *171 by precluding the jury from being instructed on the crime of moving violation causing death, the Legislature was essentially precluding the jury from convicting a criminal defendant of that lesser offense.
While jurors are not presumed to know the law applicable to a case, Michigan law presumes that a trial judge sitting as finder of fact is “aware of lesser-included offenses without the need for instruction.”[42] Conversely, the judge must also be aware when (as here) it is not appropriate to consider lesser included offenses.[43] As a result, the Legislature did not need to provide an explicit limitation on a judge acting as the finder of fact when enacting its exception to the general rule governing lesser included offenses. To interpret MCL 257.626(5) as precluding the lesser offense instruction in either a jury trial or bench trial is therefore consistent with the general purpose of MCL 257.626(5): to eliminate the possibility that a defendant charged with reckless driving causing could be convicted of moving violation causing death. For these reasons, we agree with the Court of Appeals dissenting opinion, which explained that “[g]iven the clear intent of the Legislature to forbid consideration of the lesser misdemeanor offense of moving violation causing death when a defendant has been charged with reckless driving causing death, a judge trying a case without a jury would surely understand that he or she could not convict the defendant of the lesser offense.”[44]
As a result of defendant’s charge of reckless driving causing death, MCL 257.626(5) barred an instruction *172 on the misdemeanor lesser offense of moving violation causing death. This legislative enactment does not run afoul of the separation of powers because, consistent with Cornell, MCL 257.626(5) is a substantive rule of law and is thus within the domain of the Legislature.[45] Because defendant was statutorily precluded from having the jury consider the lesser offense of moving violation causing death, we therefore hold that the circuit court erred by granting the requested instruction.
V CONCLUSION
We conclude that the circuit court erred by granting defendant’s request that the jury be instructed on moving violation causing death. Defendant was charged with the greater offense of reckless driving causing death and, as such, was precluded under MCL 257.626(5) from receiving an instruction on the misdemeanor lesser offense of moving violation causing death. We therefore reverse the judgment of the Court of Appeals and remand this case to the circuit court for further proceedings, including entry of an order vacating its ruling granting defendant’s request to instruct the jury on the misdemeanor lesser offense of moving violation causing death.
*173 Young, C.J., and Markman, Zahra, and McCormack, JJ., concurred with KELLY, J.

 MCL 257.626(4).

 MCL 257.601d.

 MCL 257.626(5).

 MCL 768.32(1); People v Cornell, 466 Mich 335; 646 NW2d 127 (2002).

 People v Jones, 302 Mich App 434; 839 NW2d 51 (2013).

 Id. at 439.

 Id. at 441, 442, citing People v Cornell, 466 Mich 335, 349; 646 NW2d 127 (2002).

 Id. at 440, citing McDougall v Schanz, 461 Mich 15; 597 NW2d 148 (1999).

 See MCL 763.3 and MCR 6.401.

 Id. at 443.

 People v Jones, 495 Mich 905 (2014).

 People v Gillis, 474 Mich 105, 113; 712 NW2d 419 (2006).

 Cornell, 466 Mich at 352-353.

 People v Musser, 494 Mich 337, 348; 835 NW2d 319 (2013).

 People v Kowalski, 489 Mich 488, 497; 803 NW2d 200 (2011).

 Because both parties have conceded that moving violation causing death is, in fact, a necessarily included lesser offense of reckless driving causing death—as opposed to a cognate offense—we will proceed on this assumption, analyzing this case in light of that concession. We note, however, that even if moving violation causing death does not constitute a necessarily included lesser offense of reckless driving causing death, the result would nevertheless the same because, as will be discussed later in *162 the opinion, MCL 768.32(1) does not permit cognate lesser offense instructions. See People v Cornell, 466 Mich 335, 359; 646 NW2d 127 (2002).

 Hanna v People, 19 Mich 316, 318 (1869).

 Significantly, no longer does the rule preclude a misdemeanor from constituting a lesser included offense of a felony but instead authorizes a conviction “for any substantive offense included in the offense charged, without reference to the fact that one was a felony and the other a misdemeanor ....” Hanna, 19 Mich at 322.

 We note that when the charged offense involves a major controlled substance, the rules pertaining to lesser included offenses are different. MCL 768.32(2) states:
(2) Upon an indictment for an offense specified in section 7401(2)(a)(¿) or (ii) or section 7403(2)(a)(i) or (ii) of the public health code, Act No. 368 of the Public Acts of 1978, being sections *163 333.7401 and 333.7403 of the Michigan Compiled Laws, or conspiracy to commit 1 or more of these offenses, the jury, or judge in a trial without a jury, may find the accused not guilty of the offense in the degree charged in the indictment but may find the accused guilty of a degree of that offense inferior to that charged in the indictment only if the lesser included offense is a major controlled substance offense. A jury shall not he instructed as to other lesser included offenses involving the same controlled substance nor as to an attempt to commit either a major controlled substance offense or a lesser included offense involving the same controlled substance. The jury shall be instructed to return a verdict of not guilty of an offense involving the controlled substance at issue if it finds that the evidence does not establish the defendant’s guilt as to the commission of a major controlled substance offense involving that controlled substance. A judge in a trial without a jury shall find the defendant not guilty of an offense involving the controlled substance at issue if the judge finds that the evidence does not establish the defendant’s guilt as to the commission of a major controlled substance offense involving that controlled substance.
In People v Binder (On Remand), 215 Mich App 30; 544 NW2d 714 (1996), the Court of Appeals held unconstitutional the provisions of MCL 768.32(2) that limit consideration of the lesser offense and juiy instruction in cases involving a major controlled substance offense as a violation of the separation of powers doctrine. This Court, however, vacated that portion of the Court of Appeals opinion as unnecessary to the resolution of that case. People v Binder, 453 Mich 915 (1996).

 466 Mich 335.

 Id. at 354, quoting People v Torres (On Remand), 222 Mich App 411, 419-420; 564 NW2d 149 (1997) (citation and quotation marks omitted).

 Id. at 361; People v Hendricks, 446 Mich 435; 521 NW2d 546 (1994).

 See Cornell, 466 Mich at 353-355. Indeed, “cognate” lesser offenses are those that share some common elements, and are of the same class or category as the greater offense, but likewise contain additional elements not found in the greater offense. See also Hendricks, 446 Mich at 443. Accordingly, failure to provide a defendant with adequate notice that he is being charged with a cognate offense may deprive the defendant of the opportunity to defend himself, since he would not have had notice of all the elements of the offense against which he was required to defend. In contrast, a defendant always has adequate notice that he might be charged with necessarily included lesser offenses, which contain no additional elements beyond those contained in the principal charge.

 Cornell, 466 Mich at 357.

 Id. at 357.

 Const 1963, art 6, § 5.

 McDougall, 461 Mich at 27.

 Cornell, 466 Mich at 353. See also People v Glass (After Remand), 464 Mich 266, 281; 627 NW2d 261 (2001); McDougall, 461 Mich at 27.

 Cornell, 466 Mich at 353, quoting McDougall, 461 Mich at 30.

 As stated, defendant’s alleged offense occurred on March 2, 2012.

 MCL 257.601d.

 Id. at 354.

 Id. at 353.

 Indeed, we note that, as a substantive exception to the rule the Legislature articulated in MCL 768.32(1), MCL 257.626(5) has the effect of reestablishing the common-law rule with regard to the crimes of reckless driving causing death (a felony) and moving violation causing death (a misdemeanor). See Hanna, 19 Mich at 318 (“[U]pon an indictment for a felony, the defendant could not be convicted of a misdemeanor.”).

 Jones, 302 Mich App at 442.

 Id. at 441.

 People v Murray, 72 Mich 10, 16; 40 NW 29 (1888); People v Townes, 391 Mich 578, 587; 218 NW2d 136 (1974).

 Murray, 72 Mich at 16.

 Beck v Alabama, 447 US 625, 638; 100 S Ct 2382; 65 L Ed 2d 392 (1980).

 Id. at 638 n 14. We recognize that defendant structures his constitutional argument as a violation of his Sixth Amendment right to a trial by jury whereas Beck dealt with violations of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment. See Smith v Spisak, 558 US 139, 159; 130 S Ct 676; 175 L Ed 2d 595 (2010) (“Our concern in Beck was that presenting the jury with only two options— death or no punishment—introduced a risk of arbitrariness and error into the deliberative process that the Constitution could not abide in the capital context.”). However, defendant’s failure to support his Sixth Amendment argument with citation of helpful authority deprives us of any meaningful opportunity to assess whether the constitutional entitlement announced in Beck should be extended to the noncapital context.

 MCL 768.29.

 People v Cazal, 412 Mich 680, 686-687; 316 NW2d 705 (1982).

 Cf. People v Ellis, 468 Mich 25, 28; 658 NW2d 142 (2003) (noting that a judge may not “reward!] a defendant for waiving a jury trial by ‘finding’ him not guilty of a charge for which an acquittal is inconsistent with the court’s factual findings” and convicting him of a lesser offense).

 People v Jones, 302 Mich App at 449 (K. E Kelly, J., dissenting).

 Although the defendant in this case challenges the propriety of MCL 257.626(5), the limitation on the lesser offense limits prosecutorial discretion as well: the Legislature chose, when enacting MCL 257.626(5), to require a prosecutor who charges a defendant with reckless driving causing death to pursue an all-or-nothing strategy. That is, if the prosecutor has a reasonable, but marginal case that the defendant acted “in willful or wanton disregard for the safety of persons or property,” the prosecutor cannot argue in the alternative that the jury must at least convict the defendant on the moving violation causing death offense to achieve some conviction. We respect this policy decision of the Legislature.