*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
December 29, 2022

v

BRAXTON NICHOLAS BENJAMIN,

        Defendant-Appellant.

No. 359524
Huron Circuit Court
LC No. 2020-306518-FH

Before: M. J. KELLY, P.J., and MURRAY and RIORDAN, JJ.

PER CURIAM.

Defendant, Braxton Nicholas Benjamin, appeals as of right his jury-trial conviction of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(c) (sexual penetration involving actor who knows or has reason to know that victim was mentally incapable, mentally incapacitated, or physically helpless). The trial court sentenced defendant to serve 18 months to 15 years' imprisonment. We affirm.

## I. BACKGROUND

Defendant's conviction arises from an incident that occurred between the late evening of June 18, 2019, and the early morning of June 19, 2019. At the time of the incident, defendant lived with the victim, who was his former girlfriend, and her family. On the evening of June 18, 2019, the victim went to her bedroom at approximately 11:00 p.m. Defendant followed the victim to her bedroom and insisted on giving her a back rub. The victim and defendant agreed to a back rub, and they agreed that defendant would leave her room after the back rub was finished. The victim remembered defendant rubbing her back around her shoulders before she fell asleep. When the victim fell asleep she was fully clothed. However, when she woke up at approximately 2:00 a.m., she was naked, and defendant was naked and lying next to her. The victim testified that she felt pain in her pelvic area, her hips, and her uterus. Defendant told the victim that "he had finished himself off on that side of the bed" and that the victim "rolled over there right after he had taken care of himself." The following morning, defendant got a ride to work from Daniel Toal, who, at the time, was dating the victim's mother. Defendant started to cry when he was in the car with

-1-

Toal, and defendant told Toal that he had sexual intercourse with the victim while she was sleeping. Defendant subsequently made the same admission to a police detective.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant claims that he was denied the effective assistance of counsel when his trial counsel failed to request a jury instruction on fourth-degree criminal sexual conduct, failed to move for a directed verdict, and caused defendant to waive his right to remain silent without making a record of defendant's waiver.

To preserve a claim of ineffective assistance of counsel, a defendant must move the trial court for a new trial or an evidentiary hearing, *People v Ginther*, 390 Mich 436, 443-444; 212 NW2d 922 (1973), or file a motion in this Court to remand to the trial court, *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020). Because defendant did not move for a new trial or an evidentiary hearing or file a motion in this Court to remand to the trial court, defendant's claim is not preserved.

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). "[A] trial court's findings of fact are reviewed for clear error," and "[q]uestions of constitutional law are reviewed by this Court de novo." *Id.* Because an evidentiary hearing was not held, this Court's "review of the relevant facts is limited to mistakes apparent on the record." *People v Riley (After Remand)*, 468 Mich 135, 139; 659 NW2d 611 (2003).

The Sixth Amendment of the United States Constitution guarantees defendants the right to the effective assistance of counsel. *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Michigan's Constitution affords the same right to defendants. *People v Pickens*, 446 Mich 298, 318-320; 521 NW2d 797 (1994). Counsel's performance is presumed to have been born from a sound trial strategy, and the defendant must overcome that strong presumption. *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). When the defendant claims that he was denied the effective assistance of counsel, the "defendant must show both that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense." *Riley*, 468 Mich at 140. To prove counsel's performance was deficient, the defendant must show that "counsel's performance was below an objective standard of reasonableness." *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003). To prove that counsel's deficient performance prejudiced the defense, the defendant must show "a reasonable probability that the outcome of the proceeding would have been different but for trial counsel's errors." *Id.*

### A. FAILURE TO REQUEST JURY INSTRUCTION

Defendant argues that trial counsel was ineffective by failing to request an instruction on fourth-degree criminal sexual conduct (CSC-IV). We disagree.

"Whether a jury instruction on a lesser offense is warranted depends on how the lesser offense is characterized." *People v Lowery*, 258 Mich App 167, 173; 673 NW2d 107 (2003). There are two types of inferior offenses: necessarily included lesser offenses and cognate lesser

offenses. A necessarily included lesser offense is an offense that "must be committed as part of the greater offense insofar as it would be impossible to commit the greater offense without first committing the lesser offense." *People v Jones*, 497 Mich 155, 164; 860 NW2d 112 (2014) (quotation marks and citation omitted). In contrast, a cognate lesser offense "shares elements with the charged offense but contains at least one element not found in the higher offense." *People v Nyx*, 479 Mich 112, 118 n 14; 734 NW2d 548 (2007). "Instructions on cognate lesser offenses are not permitted, while instructions on necessarily included offenses are proper if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it." *Lowery*, 258 Mich App at 173.

To establish CSC-III under MCL 750.520d(1), the prosecution must prove that (1) the defendant "engage[d] in *sexual penetration* with another person" in addition to one of the enumerated statutory circumstances. MCL 750.520d(1) (emphasis added). To establish CSC-IV under MCL 750.520e(1), the prosecution must prove that (1) the defendant "engage[d] in *sexual contact* with another person" in addition to one of the enumerated statutory circumstances. MCL 750.520e(1) (emphasis added). Accordingly, CSC-III requires proof of "sexual penetration" whereas CSC-IV requires proof of "sexual contact." MCL 750.520a(r) defines "sexual penetration" as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." MCL 750.520a(q) defines "sexual contact" as including, in relevant part, "the *intentional* touching of the victim's . . . intimate parts . . . , if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification . . . [or] done for a sexual purpose . . ." (emphasis added).

Because "sexual contact" explicitly requires an intent and purpose that "sexual penetration" does not, CSC-IV is cognate lesser offense of third-degree criminal sexual conduct. Therefore, an instruction on CSC-IV was not permitted, see *Jones*, 497 Mich at 165, and trial counsel was not ineffective for failing to request an instruction on CSC-IV because it would have been a meritless argument, *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

### B. FAILURE TO MOVE FOR A DIRECTED VERDICT

Defendant argues that trial counsel's failure to move for a directed verdict constituted ineffective assistance of counsel because trial counsel failed to preserve the record for appeal. Defendant argues that "an important potential issue could have been preserved for appellate review," but he does not identify any particular issues that counsel failed to preserve by not moving for a directed verdict. Defendant "may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims . . . ." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). The failure of defendant "to properly address the merits of his assertion of error constitutes abandonment of the issue." *People v Harris*, 261 Mich App 44, 50; 680 NW2d 17 (2004). Because defendant does not properly address the merits of this argument on appeal, defendant has abandoned this argument. Moreover, "[t]he defendant has the burden of establishing the factual predicate of his ineffective assistance claim." *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014). Defendant has failed to do so, and he has therefore not sustained

his burden of demonstrating that counsel was ineffective by failing to move for a directed verdict for the purpose of preserving unidentified issues for appeal.[1]

## C. DEFENDANT'S TESTIMONY

Defendant argues that he was denied the effective assistance of counsel because "defense counsel caused [defendant] to waive his right to remain silent and testify at trial." We disagree.

A "criminal defendant has a right to testify at trial and . . . this right is so entrenched in concepts of ordered liberty that it has attained constitutional status." *People v Simmons*, 140 Mich App 681, 683; 364 NW2d 783 (1985). "Although counsel must advise a defendant of this right, the ultimate decision whether to testify at trial remains with the defendant." *People v Spaulding*, 332 Mich App 638, 656; 957 NW2d 843 (2020) (quotation marks and citation omitted).

In this case, the record does not support defendant's argument that trial counsel compelled defendant to testify. Instead, the record indicates that defendant affirmatively claimed his constitutional right to testify at trial. To the extent defendant argues that counsel "caused" defendant to waive his right to remain silent, there is nothing in the record to support this assertion. Again, "[t]he defendant has the burden of establishing the factual predicate of his ineffective assistance claim." *Douglas*, 496 Mich at 592. Defendant has failed to establish that he was denied the effective assistance of counsel when his counsel called him as a witness because defendant affirmatively claimed his constitutional right to testify, and there is nothing to suggest otherwise.[2]

## III. OFFENSE VARIABLE 10

Defendant argues that the trial court incorrectly assessed 10 points for OV 10 because a domestic relationship did not exist between defendant and the victim. He also argues that he was denied the effective assistance of counsel by trial counsel's failure to object to the scoring of OV 10. We disagree.

"A claim that the sentencing guidelines range was improperly calculated is preserved by raising the issue at sentencing, in a motion for resentencing, or in a motion to remand." *People v*

---

[1] In any event, a motion for a directed verdict would have been meritless. "In reviewing a trial court's decision regarding a motion for directed verdict, we review the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Schrauben*, 314 Mich App 181, 198; 886 NW2d 173 (2016) (quotation marks and citation omitted). The testimony of the victim and the police detective was sufficient to establish the elements of CSC-III beyond a reasonable doubt, and the trial court would have properly denied the motion for a directed verdict.

[2] Defendant also raises a claim of cumulative error. This claim is meritless because defendant has not shown any error in the trial proceedings, and "[a]bsent the establishment of errors, there can be no cumulative effect of errors meriting reversal." *People v Dobek*, 274 Mich App 58, 106; 732 NW2d 546 (2007).

*Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016) (quotation marks and citation omitted); see also MCL 769.34(10). Defendant did not object to the scoring of OV 10 at sentencing, in a motion for resentencing, or in a motion to remand. Therefore, defendant's challenge to the scoring of OV 10 is not preserved.

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error exists when we are left with a definite and firm conviction that a mistake was made." *People v Abbott*, 330 Mich App 648, 654; 950 NW2d 478 (2019). " 'Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo.' " *Id.*, quoting *Hardy*, 494 Mich at 438. An unpreserved challenge to the scoring of the guidelines is reviewed for plain error affecting substantial rights. *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004). To establish plain error, a defendant must prove that: "1) error . . . occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

"Offense variable 10 is exploitation of a vulnerable victim." MCL 777.40(1). "Exploit" is defined by MCL 777.40(3)(b) as "manipulat[ing] a person for selfish or unethical purposes." "Vulnerability" is defined by MCL 777.40(3)(c) as "the readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation." Relevant to this case, a trial court should assess 10 points for OV 10 if "[t]he offender exploited . . . a domestic relationship . . . ." MCL 777.40(1)(b).

Although "[t]he sentencing guidelines do not define 'domestic' or 'domestic relationship,' " this Court has held that "to qualify as a 'domestic relationship,' there must be a familial or cohabiting relationship." *People v Jamison*, 292 Mich App 440, 445, 447; 807 NW2d 427 (2011). In this case, the trial court properly assessed 10 points for OV 10 because a cohabiting relationship existed between defendant and the victim. Defendant and the victim dated from August 2018 until December 2018, and defendant moved in with the victim and her family two weeks after they started dating. Defendant continued to live with the victim and her family after the relationship ended and even after the incident occurred on June 18, 2019. Because a cohabiting relationship existed between defendant and the victim and defendant exploited this relationship to sexually assault the victim when they were in bed together, in the abode they were sharing, the trial court properly assessed 10 points for OV 10, and any objection by counsel would have been futile. See *People v Harmon*, 248 Mich App 522, 531; 640 NW2d 314 (2001).

IV. CONCLUSION

There were no errors warranting relief. We affirm.

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Michael J. Riordan