*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 23, 2025
2:27 PM

Plaintiff-Appellee,

v

No. 369367
St. Clair Circuit Court
LC No. 23-000483-FH

JOSEPH MICHAEL CURTIS,

Defendant-Appellant.

Before: LETICA, P.J., and MURRAY and PATEL, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of assault with intent to commit great bodily harm less than murder (AWIGBH), MCL 750.84, and assault and battery, MCL 750.81. Defendant was sentenced as a third-offense habitual offender, MCL 769.11, to 8 to 20 years' imprisonment for the AWIGBH conviction and three months' in jail for the assault and battery conviction. We affirm.

## I. BACKGROUND

This case arose when defendant assaulted the victim at the Huron House in Port Huron, Michigan. Defendant, a resident at the Huron House, got into a verbal altercation with his case manager, Erich Godinez. The director of the Huron House, Robert Toles, was alerted to the altercation. Toles went to assist Godinez. When Toles arrived, defendant was leaning over Godinez's desk and yelling at Godinez, who was seated behind the desk. Toles and Godinez attempted to de-escalate the situation. Hearing the commotion, the victim approached to see if he could help. Defendant asked the victim, "Do you want to go?" The victim responded, "Bring it."

Defendant charged at the victim, kicked him in the leg, and punched him twice in the right eye. Toles and Godinez intervened and subdued defendant after a struggle. Defendant was arrested. The victim was transported a hospital. The victim suffered a fractured orbital bone in his right eye, requiring surgery.

Defendant was originally charged with one count of assaulting, battering, obstructing, or endangering an officer performing his duties (assaulting an officer),[1] MCL 750.479, and two counts of assault and battery. Defendant was represented by counsel at the arraignment. The district court read the charges, defendant elected to stand mute, and the court enter a plea of not guilty on defendant's behalf. Following the preliminary examination, defendant was bound over on all charges. Pursuant to the parties' agreement, defendant was remanded to the district court to allow the prosecution to amend count one of the information to AWIGBH and for a preliminary examination to be conducted. The prosecution filed an amended felony complaint charging defendant with one count of AWIGBH and two counts of assault and battery. A preliminary examination was held, and defendant was bound over on all charges. Following the bind over, an arraignment was scheduled. However, defendant signed a waiver of arraignment, elected to stand mute, and requested that the trial court enter a plea of not guilty on his behalf. The trial court entered a plea of not guilty on defendant's behalf. Before trial, the prosecution amended the felony information to charge defendant with one count of AWIGBH and only one count of assault and battery.

At trial, the victim, Toles, and Godinez established the events of the altercation and assault. The victim's ophthalmologist and surgeon, Dr. Daniel Lin, described the extent of the victim's injury, which he characterized as a "large trauma to the eye." Dr. Lin stated that the victim would require additional surgery to realign his eyes. Dr. Lin further explained that the victim continued to suffer from double vision from a misalignment of his eyes and could suffer delayed injuries such as retinal tears or detachments.

Defendant moved for a directed verdict, which was denied. Defendant also moved to dismiss the case, stating he was never arraigned on the AWIGBH charge. The trial court held its ruling in abeyance pending the result of the trial, noting an acquittal would render the issue moot. Defendant waived his right to testify. The jury found defendant guilty as delineated above. The trial court denied defendant's motion to dismiss in a written opinion and order, noting that defendant waived his arraignment in writing. Defendant was sentenced as indicated. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues there was insufficient evidence to convict him of AWIGBH. We disagree.

"Challenges to the sufficiency of the evidence are reviewed de novo." *People v Xun Wang*, 505 Mich 239, 251; 952 NW2d 334 (2020). "In reviewing the sufficiency of the evidence, this Court must view the evidence—whether direct or circumstantial—in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt." *People v Kenny*, 332 Mich App 394, 402-403; 956 NW2d 562 (2020). "[A] reviewing court is *required* to draw all reasonable inferences and

---

[1] The victim was a parole officer who was visiting his probationers at the Huron House at the time of the incident. Defendant was not on probation and the victim had never been defendant's parole officer.

make credibility choices in support of the jury verdict." *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018) (cleaned up). "It is for the trier of fact, *not the appellate court*, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *Id.* (cleaned up). Any and all conflicts that arise in the evidence must be resolved "in favor of the prosecution." *People v Mikulen*, 324 Mich App 14, 20; 919 NW2d 454 (2018).

Defendant only challenges his conviction of AWIGBH. "The elements of AWIGBH are (1) an assault, i.e., an attempt to offer with force and violence to do corporal hurt to another coupled with (2) a specific intent to do great bodily harm less than murder." *People v McKewen*, ___ Mich ___, ___; ___ NW3d ___ (Docket No. 158869); slip op at 5 (cleaned up). "The intent to do great bodily harm less than murder is 'an intent to do serious injury of an aggravated nature.'" *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014), quoting *People v Brown*, 267 Mich App 141, 147; 703 NW2d 230 (2005).

Defendant argues that the evidence only demonstrated that he possessed the intent to inflict an aggravated injury, which was insufficient to establish that he intended to inflict great bodily harm. We disagree. "Because of the difficulty in proving an actor's intent, only minimal circumstantial evidence is necessary to show that a defendant had the requisite intent." *Stevens*, 306 Mich App at 629. "Intent to cause serious harm can be inferred from the defendant's actions, including the use of a dangerous weapon or the making of threats." *Id.* "Although actual injury to the victim is not an element of the crime, injuries suffered by the victim may also be indicative of a defendant's intent." *Id.* (citations omitted).

In this case, multiple witnesses described defendant as aggressive, intimidating, and irate. Toles described defendant as loud, aggressive, and intimidating, stating: "[I]t was obvious due to the aggressive nature of [defendant] that he was looking to engage with someone." Godinez echoed Toles's concern. He described defendant as threatening and was worried defendant would attack him during their argument. Godinez stated defendant punched the victim hard with a closed fist in rapid succession. Godinez testified that it was apparent defendant was preparing to strike the victim a third time when Toles intervened. Toles explained that he intervened quickly because it was evident that the situation was escalating. Additionally, Toles and Godinez testified that the victim did not have his hands raised and never fought back. Dr. Lin explained that only "severe force" could cause the "blowout fracture" that the victim suffered.

Defendant's challenges, including what inferences could be drawn from the evidence, are related to the weight and credibility of the evidence, which were issues for the jury to resolve. *Mikulen*, 324 Mich App at 20. The jury was free to accept or reject the theory of either party in light of the evidence presented at trial, and we will not interfere with the jury's role of determining issues of weight and credibility. *People v Baskerville*, 333 Mich App 276, 283; 963 NW2d 620 (2020). Further, we are required to resolve all conflicts in the evidence—whether direct or circumstantial—in favor of the prosecution, *Kenny*, 332 Mich App at 402-403. Applying these standards, there was sufficient evidence to enable the jury to find beyond a reasonable doubt that defendant had the specific intent to do great bodily harm. We will not disturb that determination.

## III. JURY INSTRUCTION

Defendant next argues that he is entitled to reversal of his conviction because the trial court failed to instruct the jury on the offense of aggravated assault, MCL 750.81a, as a lesser included offense. We disagree.

"Claims of instructional error are generally reviewed de novo by this Court, but the trial court's determination that a jury instruction is applicable to the facts of the case is reviewed for an abuse of discretion." *People v Dobek*, 274 Mich App 58, 82; 732 NW2d 546 (2007). "An abuse of discretion occurs when the circuit court chooses an outcome that falls outside the range of principled outcomes." *People v Jones*, 497 Mich 155, 161; 860 NW2d 112 (2014).

MCL 768.32(1) permits a jury to find a defendant not guilty of a charged offense and to find the defendant guilty "of a degree of that offense inferior to that charged in the indictment." In other words, it permits a jury to consider lesser included offenses and convict on a lesser included offense in place of the charged offense. "To be a lesser included offense, the elements necessary for commission of the greater offense must subsume the elements necessary for commission of the lesser offense." *People v Heft*, 299 Mich App 69, 74; 829 NW2d 266 (2012). "[A] jury instruction on a necessarily included lesser offense is appropriate if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it." *People v Yeager* 511 Mich 478, 490; 999 NW2d 478 (2023) (cleaned up). By contrast, a cognate offense is an offense that shares common elements and is in the same class as the greater offense, but also has elements not present in the greater offense. *People v Perry*, 460 Mich 55, 61; 594 NW2d 477 (1999). Unlike lesser included offenses, MCL 768.32(1) forbids the court from instructing the jury on cognate lesser offenses. See *People v Cornell*, 466 Mich 335, 354-355; 646 NW2d 127 (2002), overruled on other grounds by *People v Mendoza*, 468 Mich 527; 664 NW2d 685 (2003); see also *Jones*, 497 Mich at 164 n 23, 165-166.

On appeal, defendant concedes that there is an additional element of actual injury in the aggravated assault offense and thus aggravated assault is a cognate offense of AWIGBH. Nevertheless, he asserts that the jury should have been instructed on aggravated assault as a lesser offense. Defendant admits that his position is contrary to our Supreme Court's holding in *Cornell*. But he argues that, under the law prior to *Cornell*, an aggravated assault instruction would have been proper as a cognate offense of AWIGBH. We find no merit in defendant's argument. Our Supreme Court's holding in *Cornell* is controlling law. See *Associated Builders & Contractors v City of Lansing*, 499 Mich 177, 191; 880 NW2d 765 (2016) (This Court is bound to apply the holdings of the Michigan Supreme Court that have not been modified or reversed). Accordingly, defendant has failed to demonstrate error.

## IV. OV 3

Defendant asserts that the trial court erred by assessing 25 points for offense variable (OV) 3. We disagree.

Under the sentencing guidelines, a trial court's factual findings "are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Sours*, 315 Mich App

346, 348; 890 NW2d 401 (2016) (cleaned up). "[T]he clear-error standard requires us to affirm unless we are definitely and firmly convinced the trial court made a mistake . . . ." *People v Ziegler*, 343 Mich App 406, 410; 997 NW2d 493 (2022). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*. (cleaned up).

"When calculating the sentencing guidelines, a court may consider all record evidence, including the contents of a [presentence investigation report (PSIR)], plea admissions, and testimony presented at a preliminary examination." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015). "The trial court may rely on reasonable inferences arising from the record evidence to sustain the scoring of an offense variable." *People v Muniz*, 343 Mich App 437, 453; 997 NW2d 325 (2022) (cleaned up).

Defendant argues the trial court erred by assessing 25 points for OV 3. Defendant contends that the trial court should have assessed 10 points because there was no evidence the victim's injury was permanent. "OV 3 designates the number of points to be assessed for physical injury to a victim." *People v Johnson*, 342 Mich App 90, 94; 992 NW2d 668 (2022), citing MCL 777.33(1). The statute requires an assessment of 25 points for OV 3 when "[l]ife threatening or permanent incapacitating injury occurred to a victim[,]" MCL 777.33(1)(c), and 10 points when "[b]odily injury requiring medical treatment occurred to a victim[,]" MCL 777.33(1)(d).

The trial court's assessment of 25 points was supported by a preponderance of the evidence. There was evidence demonstrating that the victim's vision had not completely returned after corrective surgery and he had facial numbness. At trial, Dr. Lin testified that the victim's eyes were misaligned, and he continued to experience double vision. Dr. Lin opined that the victim could suffer life-long vision issues. He also testified that the victim was at risk for retinal tearing or detachment. The PSIR reflects that the victim reported that he was still experiencing double vision, which prevented him from returning to work. The victim stated that he had two surgeries to repair the damage and will most likely have another surgery. The evidence available to the trial court was that the victim had been severely injured in a way that continued to significantly incapacitate him in his daily life and that it was very possible he would never fully recover. Defendant's argument, in essence, is that the victim *might* make a full recovery. On this record, we are not definitely and firmly convinced the trial court made a mistake by assessing 25 points for OV 3.

## V. ARRAIGNMENT

In his Standard 4 brief, defendant argues his conviction of AWIGBH must be vacated because he was never arraigned on the charge. We disagree.

"The purpose of an arraignment is to provide formal notice of the charge against the accused." *People v Henry (After Remand)*, 305 Mich App 127, 158; 854 NW2d 114 (2014). "At an arraignment, the information is read to the accused and the accused may enter a plea to those charges." *People v Waclawski*, 286 Mich App 634, 704; 780 NW2d 321 (2009). "The accused may waive the reading of the formal charges at the arraignment." *Id*. "A showing of prejudice is required to merit relief for the failure to hold a circuit court arraignment." *People v Nix*, 301 Mich App 195, 208; 836 NW2d 224 (2013).

In this case, the circuit court register of actions reflects that an arraignment was scheduled for July 24, 2023. However, on the same date, a waiver of arraignment was filed with the trial court. The waiver stated:

The defendant and the attorney for the defendant acknowledge that

1. we have received a copy of the information and/or supplemental information filed in this case.

2. the defendant has read the information(s), or had it read or explained to him/her.

3. we each understand the substance of the charge(s).

4. the defendant waives arraignment in open court.

5. the defendant . . . stands mute to the charge(s) and requests the court to enter a plea of not guilty.

The defendant and defense counsel both signed the waiver. On July 24, 2023, the trial court entered a plea of not guilty on behalf of defendant and cancelled the arraignment.

Waiver is "the intentional relinquishment or abandonment of a known right." *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) (cleaned up). "A waiver extinguishes the right, as well as any right to pursue an alleged error on appeal." *People v King*, 512 Mich 1, 9; 999 NW2d 670 (2023). Defendant's signed, written waiver precludes him from arguing an error on appeal. *Id.* Accordingly, the trial court did not abuse its discretion by denying defendant's motion to dismiss. See *People v Nicholson*, 297 Mich App 191, 196; 822 NW2d 284 (2012).[2]

Affirmed.

/s/ Anica Letica
/s/ Christopher M. Murray
/s/ Sima G. Patel

---

[2] In any event, defendant has not established prejudice. A showing of prejudice is required to merit relief for the failure to hold a circuit court arraignment. See *Nix*, 301 Mich App at 208; see also MCR 6.113(A). "The purpose of an arraignment is to provide formal notice of the charge against the accused." *Henry (After Remand)*, 305 Mich App at 158. The record demonstrates defendant was aware of the amended charge of AWIGBH before he was formally charged. Moreover, the case was remanded for a preliminary examination on the AWIGBH charge to ensure defendant was aware of the elements.