*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLICATION
June 22, 2023

Plaintiff-Appellee,

v

No. 359352
Kent Circuit Court
LC No. 20-000844-FH

RICHARD BERNARD MOODY, JR.,

Defendant-Appellant.

Before: CAMERON, P.J., and MURRAY and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assault by strangulation, MCL 750.84; and domestic violence, second offense, MCL 750.81(2). He was sentenced as a fourth-offense habitual offender, MCL 769.12, to 25 to 50 years' imprisonment for the assault by strangulation conviction, and to time served for the domestic violence conviction. Defendant also appeals these sentences. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Shortly after midnight on January 1, 2020, defendant's wife contacted police to report that defendant had assaulted her. Officers arrived where they discovered the victim with numerous bruises and other injuries. She told the officers that defendant had strangled and punched her over the course of the evening. Officers roused defendant from his sleep and he was arrested.

At trial, the victim refused to explain to the jury the cause of her injuries. The prosecution then introduced the victim's recitation of the incident through police officers who responded to the scene. The prosecution also presented photos of the victim's injuries and testimony about an earlier domestic violence incident between the victim and defendant. The jury found defendant guilty. During sentencing, defendant objected to the scoring of offense variables (OVs) 4 and 7. The trial court rejected these arguments and sentenced defendant as noted. Defendant moved for resentencing, but the trial court denied the motion. This appeal followed.

-1-

## II. HEARSAY

Defendant challenges the testimony of Stephanie Solis, a nurse who examined the victim soon after defendant's arrest. According to defendant, nurse Solis's testimony included inadmissible hearsay statements made by the victim. While we agree the testimony included inadmissible hearsay, we conclude its admission at trial was not a reversible error.

### A. STANDARD OF REVIEW

A trial court's interpretation of a rule of evidence is a question of law reviewed de novo. *People v Jackson*, 498 Mich 246, 257; 869 NW2d 253 (2015). "The decision whether to admit evidence falls within a trial court's discretion and will be reversed only when there is an abuse of that discretion." *People v Duncan*, 494 Mich 713, 722; 835 NW2d 399 (2013). A trial court abuses its discretion when its decision "falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008).

In the case of a preserved, nonconstitutional error,

> [n]o judgment or verdict shall be set aside or reversed . . . in any criminal case, on the ground of . . . the improper admission or rejection of evidence, . . . unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice. [MCL 769.26.]

This Court must assess error "in the context of the untainted evidence to determine whether it is more probable than not that a different outcome would have resulted without the error." *People v Lukity*, 460 Mich 484, 495; 596 NW2d 607 (1999).

### B. LAW AND ANALYSIS

Hearsay "is a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Generally, hearsay is not admissible unless it falls within an exception to the hearsay rule. MRE 802. Relevant to this case, statements made for purposes of medical treatment or medical diagnosis in connection with treatment are an exception to the hearsay rule. MRE 803(4). Statements are admissible under this rule when:

> made for purposes of medical treatment or medical diagnosis in connection with treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably necessary to such diagnosis and treatment. [MRE 803(4).]

The "rationale for MRE 803(4) are the existence of (1) the self-interested motivation to speak the truth to treating physicians in order to receive proper medical care, and (2) the reasonable necessity of the statement to the diagnosis and treatment of the patient." *People v Meeboer*, 439 Mich 310, 322; 484 NW2d 621 (1992). To be admissible under this exception, "a statement must be made for purposes of medical treatment or diagnosis in connection with treatment, and must describe

medical history, past or present symptoms, pain or sensations, or the inception or general character of the cause or external source of the injury." *Id.*

The victim made the following statement during her medical examination that was repeated to the jury by nurse Solis:

"I feel drained, helpless, 2019 was the worst year of my life. The abuse keeps getting more and more violent. If I stay in Grand Rapids, he will kill me. I know that for a fact. My chest, my neck, and my mouth hurt. I feel like I'm slurring my words because my tongue is swollen."

The victim's statement was admitted at trial as an answer to the nurse's question about physical and psychological pain resulting from the incident in the context of a head-to-toe physical examination. The portion of this statement—"[m]y chest, my neck, and my mouth hurt. I feel like I'm slurring my words because my tongue is swollen"—plainly describes the victim's present physical symptoms and was relevant to her medical treatment for strangulation. And the victim's statement, "I feel drained, helpless," also describes her mental symptoms. In the aftermath of this incident, the victim was prescribed both antianxiety and antidepressant medications. However, the remainder of the statement—"2019 was the worst year of my life. The abuse keeps getting more and more violent. If I stay in Grand Rapids, he will kill me"—is not related to a description of her symptoms or her injuries. The victim's opinion that defendant will kill her if she did not get away from him was not part of her medical history, symptoms, or source of her injuries, nor was the statement reasonably necessary to treat the victim. Therefore, this part of her statement was not admissible under MRE 803(4) at trial and should have been stricken.[1]

But defendant cannot establish that the admission of the statements at trial was outcome-determinative. See *Lukity*, 460 Mich at 495. The jury heard several witnesses describe the victim's recitation that defendant strangled her three times within one night, and they saw photographic evidence depicting injuries to her neck consistent with strangulation. Although the victim refused to testify about the source of her injuries, her description of defendant's assault was properly introduced through other witnesses, including police officers and the nurse. These witnesses described the extent of the injuries they saw: bruising on the corner of her eyes, a swollen nose, a fresh cut on her upper lip, and petechiae, redness, and swelling on her neck. Considering this evidence, the jury had ample other evidence to convict defendant of assault by strangulation. Therefore, any error in admitting this statement was harmless.

## III. SORA VIOLATIONS

Defendant contends that he was erroneously convicted as a fourth-offense habitual offender when he was really only a second-offense habitual offender. We disagree.

---

[1] The prosecution did not argue that the statements in the intimate partner documentation form were alternatively admissible under a different hearsay exception.

-3-

## A. STANDARD OF REVIEW

This Court reviews a trial court's decision on a motion for resentencing for an abuse of discretion. *People v Puckett*, 178 Mich App 224, 227; 443 NW2d 470 (1989). We review questions of law de novo. *People v Francisco*, 474 Mich 82, 85; 711 NW2d 44 (2006).

## B. LAW AND ANALYSIS

In *People v Betts*, 507 Mich 527, 573-574; 968 NW2d 497 (2021), the Michigan Supreme Court held that the 2011 Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*, could not be retroactively applied to those individuals "whose criminal acts subjecting them to registration occurred before the enactment of the 2011 SORA amendments." The Court explained that the SORA amendments violated the ex post facto laws when applied in this circumstance because it increased the individual's punishment in the aggregate for past offenses. *Id*. at 562. The Court vacated the defendant's conviction of failure to register as a sex offender. *Id*. at 574. However, the Court refused to invalidate all SORA-violation convictions that fit these criteria because it did not wish to encroach on the Legislature's authority. *Id*. at 565.

Defendant was convicted of assault with intent to commit criminal sexual conduct in 2010. Subsequently, defendant pleaded guilty to failure to comply with the registration act, MCL 28.729, in 2014 and 2016. These three crimes established defendant as a fourth-offense habitual offender. Defendant has offered no evidence that these convictions are invalid, that the holding in *Betts* applies to him, or that *Betts* automatically expunged these convictions from his record. Therefore, the trial court was without the authority to simply disregard defendant's 2014 and 2016 SORA-violation convictions.

## IV. SENTENCING

Defendant contends that the trial court erred when it assessed defendant 10 points for OV 4 and 50 points for OV 7. We disagree.

## A. STANDARD OF REVIEW

Under the sentencing guidelines, this Court reviews the trial court's factual determinations for clear error. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error occurs if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Johnson*, 502 Mich 541, 565; 918 NW2d 676 (2018) (quotation marks and citation omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

## B. LAW AND ANALYSIS

The trial court may assess 10 points for OV 4 when the victim sustained a "[s]erious psychological injury requiring professional treatment." MCL 777.34(1)(a). OV 4 may not be assessed points "solely on the basis of a trial court's conclusion that a 'serious psychological injury' would normally occur as a result of the crime perpetrated against the victim", and "evidence of fear while a crime is being committed, *by itself*, is insufficient to assess points for OV 4." *People*

*v White*, 501 Mich 160, 162; 905 NW2d 228 (2017). However, the trial court may assess 10 points for OV 4 "if the victim suffers, among other possible psychological effects, personality changes, anger, fright, or feelings of being hurt, unsafe, or violated." *People v Armstrong*, 305 Mich App 230, 247; 851 NW2d 856 (2014). "When calculating the sentencing guidelines, a court may consider all record evidence, including the contents of a PSIR [presentence investigation report]." *People v Thompson*, 314 Mich App 703, 708-709; 887 NW2d 650 (2016).

The trial court correctly assessed 10 points for OV 4 based on several factors. These included the victim's description of her "mental anguish and stress" in her victim-impact statement in the PSIR. She reported that defendant had attempted to call her 22 times from jail after his arrest. Further, the PSIR noted that the victim sought psychological treatment; she was prescribed antianxiety and antidepressant medication as a result of defendant's conduct. The trial court also relied on the victim's demeanor at trial. She testified very little at trial, explaining that she was unable to risk her health. The trial court noted that her demeanor indicated that she was "highly traumatized as a result of these events and as a result of her relationship with [defendant] and how she testified." The trial court is permitted to rely on all record evidence, including the PSIR, at sentencing. *Thompson*, 314 Mich App at 708-709. Together, this evidence demonstrated that the victim suffered a serious psychological injury as a result of the assault. Therefore, the trial court did not err when it assessed 10 points for OV 4.

A trial court may assess 50 points for OV 7 when a "victim was treated with sadism, torture, excessive brutality, or similarly egregious conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." MCL 777.37(1)(a). To determine whether a defendant's conduct was "similarly egregious conduct designed to substantially increase the fear and anxiety a victim suffered during the offense" for purposes of assessing OV 7:

> [A] court must first determine a baseline for the amount of fear and anxiety experienced by a victim of the type of crime or crimes at issue. To make this determination, a court should consider the severity of the crime, the elements of the offense, and the different ways in which those elements can be satisfied. Then the court should determine, to the extent practicable, the fear or anxiety associated with the minimum conduct necessary to commit the offense. Finally, the court should closely examine the pertinent record evidence, including how the crime was actually committed by the defendant . . . . [E]vidence which satisfies an element of an offense need not be disregarded solely for that reason. Instead, all relevant evidence should be closely examined to determine whether the defendant engaged in conduct beyond the minimum necessary to commit the crime, and whether it is more probable than not that such conduct was intended to make the victim's fear or anxiety increase by a considerable amount. [*Hardy*, 494 Mich at 442-443.]

Stated plainly, the relevant inquiries are "(1) whether the defendant engaged in conduct beyond the minimum required to commit the offense; and, if so, (2) whether the conduct was intended to make a victim's fear or anxiety greater by a considerable amount." *Id*. at 443-444. However, if a trial court determines that the crime involved sadism, torture, or excessive brutality, it can assess 50 points for OV 7 regardless of whether the offense involved "similarly egregious conduct" which "substantially increase[ed] a victim's fear and anxiety . . . ." *People v Lydic*, 335 Mich App 486, 496-497; 967 NW2d 847 (2021).

Defendant was convicted of assault by strangulation, which requires that a defendant "intentionally imped[ed] normal breathing or circulation of the blood by applying pressure on the throat or neck or by blocking the nose or mouth of another person." MCL 750.84(2). In *Lydic*, 335 Mich App at 498-499, this Court held that a defendant convicted of assault by strangulation was properly assessed 50 points for OV 7 because the defendant engaged in excessively brutal behavior in the course of committing the offense. This Court explained that the defendant increased the victim's fear and anxiety during the incident when he repeatedly threatened the victim with death and told her that her son would find her body. *Id*. at 499. We also concluded that the defendant's conduct was "excessively brutal" because he used a belt to strangle the victim when assault by strangulation did not require the use of a weapon. *Id*. at 498-499.

Here, the trial court assessed 50 points for OV 7 after quoting extensively from the PSIR. In summary, the victim's impact statement contained in the PSIR described defendant pushing the victim into the living room and onto a mattress. Defendant sat on top of the victim and started punching her in the face repeatedly, leaving her face bloody. He proceeded to strangle her by grabbing her throat and squeezing, and defendant told her he did not care if she died that night. Defendant followed her to the kitchen and bathroom, and proceeded to again strangle her twice more. After reading this description on the record, the trial court concluded that defendant had engaged in aggravated physical abuse or excessive physical abuse sufficient to assess 50 points for OV 7.

Similar to the defendant in *Lydic*, defendant threatened the victim's life during the offense, conduct not contemplated under the assault by strangulation statute. In this case, defendant strangled the victim three different times during the offense. This conduct also went beyond the minimum conduct contemplated by the statute. See *Hardy*, 494 Mich at 443. Additionally, defendant punched her in the face, causing injury. The trial court considered this conduct sadistic because defendant subjected the victim to prolonged pain. Similarly, defendant's conduct meets the standard for "similarly egregious conduct designed to substantially increase the fear and anxiety a victim suffered during the offense. . . . " See MCL 777.37(1)(a). Therefore, the trial court did not err when it assessed 50 points for OV 7.

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, defendant contends that trial counsel was ineffective for failing to assert that defendant was a second-offense habitual offender, and for failing to request a lesser included offense jury instruction, among other several asserted errors. We disagree.

## A. STANDARD OF REVIEW

A defendant's ineffective assistance of counsel claim "is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). This Court reviews the trial court's findings of fact for clear error, while it reviews questions of law de novo. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). This Court's review is limited to mistakes that are apparent on the record when the trial court has not held an evidentiary hearing on an issue. *People v Mack*, 265 Mich App 122, 125; 695 NW2d 342 (2005). "If the record does not contain sufficient detail to support defendant's ineffective assistance claim, then he has effectively waived the issue." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002).

## B. LAW AND ANALYSIS

Criminal defendants are constitutionally entitled to effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. To obtain a new trial on the basis of ineffective assistance, a defendant must establish that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Trakhtenberg*, 493 Mich at 51. A defendant must "overcome the strong presumption that counsel's performance was born from a sound trial strategy." *Id*. at 52. However, this Court "cannot insulate the review of counsel's performance by calling it trial strategy." *Id*.

"The inquiry into whether counsel's performance was reasonable is an objective one and requires the reviewing court to determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012) (quotation marks and citation omitted). "This standard requires a reviewing court to affirmatively entertain the range of possible reasons . . . counsel may have had for proceeding as they did." *Id*. (quotation marks and citation omitted; alteration in original). This Court will not substitute its own judgment for that of counsel or use the benefit of hindsight in assessing the trial counsel's competence. *Unger*, 278 Mich App at 242-243. Defense counsel is not ineffective when he or she fails to make an objection that lacks merit or because a trial tactic did not succeed. *People v Matuszak*, 263 Mich App 42, 58; 687 NW2d 342 (2004); *People v Stewart*, 219 Mich App 38, 42; 555 NW2d 715 (1996). "Decisions regarding what evidence to present, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy." *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008).

Defendant first argues that trial counsel was ineffective because he failed to challenge his status as a fourth-offense habitual offender. As a consequence, defendant contends that trial counsel could have obtained a more favorable plea offer. As discussed earlier, defendant was properly charged as a fourth-offense habitual offender and trial counsel's assertion that defendant was actually a second-offense habitual offender would have been rejected. Trial counsel is not ineffective for failing to advance meritless arguments. *Matuszak*, 263 Mich App at 58.

Defendant next argues that trial counsel was ineffective for requesting an aggravated assault jury instruction as a lesser included offense of assault by strangulation. Defendant contends that, had trial counsel instead asked for a simple assault or assault and battery jury instruction, it was likely that the jury would have convicted him of one of those lesser offenses. Defendant further argues that trial counsel's failure to request these instructions could not have been legitimate trial strategy.

"[A] defendant is entitled to a lesser offense instruction only if that lesser offense is necessarily included in the greater offense[.]" *People v Jones*, 497 Mich 155, 164; 860 NW2d 112 (2014). To give a lesser included instruction, the trial court must review the evidence and determine whether a rational fact-finder could find the defendant guilty of the lesser offense; this ordinarily requires that there be some sort of dispute on the element distinguishing the two offenses. *Id*. at 164-165.

Defendant was charged with assault by strangulation, MCL 750.84; and domestic violence, second offense, MCL 750.81(2). Assault by strangulation requires a showing that the defendant "assault[ed] another person by strangulation or suffocation." *People v Barber*, 332 Mich App 707, 715; 958 NW2d 288 (2020). Defendant argues on appeal that trial counsel was ineffective because, instead of requesting a jury instruction on the lesser included offenses of assault and battery or simple assault, he asked for an instruction on aggravated assault. A conviction for assault and battery involves a showing that the defendant "assault[ed] or assault[ed] and batter[ed] an individual." MCL 750.81(1); see also *People v Haynie*, 505 Mich 1096, 1100 (2020) (CLEMENT, J., concurring). A conviction for simple assault requires either "an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery." *People v Reeves*, 458 Mich 236, 240; 580 NW2d 433 (1998). These elements are fully included in the domestic violence charge, which are: "(1) *the commission of an assault or an assault and battery* and (2) a dating relationship between the parties." *People v Cameron*, 291 Mich App 599, 614; 806 NW2d 371 (2011) (emphasis added).

Defendant fails to acknowledge that, had he been convicted of one of the lesser assaultive offenses and the domestic violence charge,[2] he would have been convicted of two crimes arising from the same offense. This is problematic because the Double Jeopardy Clause of the United States Constitution prohibits a person from twice being placed in jeopardy for the same offense, see US Const, Am V and Const 1963, art 1, § 15, and, relevant here, these provisions prohibit "multiple punishments for the same offense." *People v Miller*, 498 Mich 13, 17; 869 NW2d 204 (2015). Thus, trial counsel was not ineffective for failing to request this lesser included instruction because an instruction on this basis would have created a double jeopardy violation. See *Matuszak*, 263 Mich App at 58.

We further note, trial counsel *did* request a jury instruction on aggravated assault as a lesser included offense of assault by strangulation. The trial court rejected this request. Defendant points to this tactic as proof that trial counsel's performance cannot be affirmed as a failed "all-or-nothing" trial strategy. Defendant is correct that trial counsel did not take an "all-or-nothing approach," but this does not mean that trial counsel's performance was ineffective. Trial counsel did attempt to mitigate defendant's charges by requesting a lesser included jury instruction on the assault by strangulation charge. The decision to request an instruction on aggravated assault instead of simple assault or assault and battery was a matter of trial strategy most likely based on his assessment that the evidence more credibly fit aggravated assault. This request was a reasonable, yet unsuccessful trial strategy based on trial counsel's attempt to dispel the strangulation element of assault by strangulation. See *Stewart*, 219 Mich App at 42.

Defendant raises additional concerns regarding trial counsel's failure to timely object to damaging hearsay evidence, to cross-examine the victim on any substantive areas when she was on the witness stand, and not investigating and presenting evidence that the victim had committed perjury and had prior criminal charges. He does not fully explain these arguments and he cannot merely announce his position and leave it to this Court to discover and rationalize the basis for his

---

[2] Defendant did not ask for a lesser included offense instruction for his domestic violence charge at trial, neither does he argue on appeal that trial counsel was ineffective for failing to do so.

claims. *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009). A defendant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue. *People v Harris*, 261 Mich App 44, 50; 680 NW2d 17 (2004). Therefore, these issues are abandoned.

Affirmed.

/s/ Thomas C. Cameron
/s/ Christopher M. Murray
/s/ Michael F. Gadola